THOMAS E. PHILLIPS

v.

THE PEOPLE.

1. EVIDENCE—CERTIFIED COPY OF DEED.—Where the certificate of the official character of a justice of the peace, attached to a certified copy of a deed, fails to state that the person taking the acknowledgment was at the time of so doing a justice of the peace, such certified copy is not admissible in evidence.

2. FOREIGN DEED.—In order to admit a deed executed in another State in evidence, it must appear that the deed was executed and acknowledged in conformity with the laws of such State.

3. CUTTING TIMBER—PROSECUTION FOR—COLOR OF TITLE.—In a prosecution under the statute for cutting timber on the lands of another, the defendant may put in evidence a tax deed to a third party, and authority from such party to cut the timber in question. The tax deed is color of title.

4. INSTRUCTION.—It is for the jury to find the facts and not for the court to instruct them as to what the evidence shows the facts to be.

5. RECORD SHOULD SHOW PLEA.—In all criminal proceedings and in misdemeanors it is necessary that the plea of defendant should be entered of record.

ERROR to the County Court of Saline county; the Hon. R. N. WARFIELD, Judge, presiding. Opinion filed September 29, 1882.

Messrs. MORRIS & BOYER, for appellant; that the proceeding by information should be supported by affidavit, cited Myers v. The People, 67 Ill. 508.

It was not the intention of the legislature to impose a penalty upon one who in good faith supposed he was cutting timber on his own land: Cushing v. Dill, 2 Scam. 461; Whitecraft v. Vanderver, 12 Ill. 239:

A tax deed is color of title: Bailey v. Doolittle, 24 Ill. 578; Brooks v. Bruyn, 35 Ill. 392; McCagg v. Heacock, 34 Ill. 476; Cook v. Norton, 43 Ill. 391; Elston v. Kennicott, 46 Ill. 187; Morrison v. Norman, 47 Ill. 477; Hinkley v. Greene, 52 Ill. 223.

A plea is indispensable to a trial: Gould v. The People, 89 Ill. 216.

Phillips v. The People.

Messrs. GREGG & PARISH, and Mr. W. V. CHOISSER, for appellee.

CASEY, J. In the County Court of Saline county the State's attorney filed an information against the plaintiff in error, charging him with unlawfully, knowingly, and willfully cutting timber upon certain land therein described, of which said land Sikes Garris, Lewis Garris, George Garris and George W. Joiner were the owners. The cause was submitted to a jury and a verdict of guilty rendered against the defendant. Motions for a new trial and also in arrest of judgment were entered by the defendant and refused by the court. Exceptions were taken, and the cause is brought to this court by a writ of error. A motion was made in the county court to quash the information, which was refused, and it is insisted by the plaintiff in error that the information is defective, and that the motion should have been sustained. We think the information a substantial compliance with the law and that the motion to quash was properly refused.

The second error assigned is that " the court erred in allowing improper evidence for the people against the objections of the defendant. It will be seen that in the information it is alleged that George W. Joiner was one of the owners of the land in question. It appears from the evidence that one James Garris was the owner and possessed of the land described in the information and upon which the trespasses were committed. That the said James Garris died intestate, leaving Julia A. Garris, Sikes Garris, Mary Jane S. Owens, Lewis Garris, and George Garris, his children and heirs at law him surviving. The defendant in error, to show title in George W. Joiner as charged in the information, introduced in evidence a deed purporting to have been made by Mary Jane S. Owens and E. S. Owens, her husband, of Stoddard county, Missouri, conveying to the said Joiner the interest of the said Mary Jane S. Owens in said premises. Objections were made to the introduction of the deed as evidence. The objections were overruled and exceptions taken by the plaintiff in error.

The acknowledgment taken by the justice of the peace, and the certificate as to the official character of the justice of the peace, is as follows:

"STATE OF MISSOURI, } ss.
  Stoddard county,

I, James W. Evans, justice of the peace in and for said county, in the State aforesaid, do hereby certify that E. S. Owens and Mary Jane S. Owens, personally known to me to be the same persons whose names are subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that he signed, sealed and delivered the said instrument as their free and voluntary act, for the uses and purposes therein set forth, including the release and waiver of the right of homestead. Given under my hand and seal, this 2 day of July, A. D. 1880.

JAMES W. EVANS, [SEAL.]
Justice of the Peace."

The certificate as to the official character of the magistrate, is as follows:

"STATE OF MISSOURI, } ss.
  Stoddard county,

I, L. H. Maulden, judge of the probate court of said county, do hereby certify that James W. Evans, whose name is hereto attached, and before whom this acknowledgment was taken, is an acting justice of the peace in said Stoddard county, and under the law of the State of Missouri authorized to take acknowledgment of deeds. In witness whereof, I have hereunto set my hand and affixed the seal of the probate court, July 5, 1880.

L. H. MAULDEN, [SEAL.]
Judge of Probate."

The certificate of the judge of the probate court does not show that the justice of the peace before whom the acknowledgment was taken, was a justice of the peace at the time when the acknowledgment was taken, and the deed was improperly allowed to go in evidence. Underwood's Statute, Chapter 30, Sec. 20. The statute further provides that when the acknowledgment is taken by a justice of the peace

in another State, there shall be added a certificate of the proper clerk, under the seal of his office, setting forth that the person before whom such proof or acknowledgment was made was a justice of the peace at the time of making the same.   The acknowledgment or proof may be made in conformity with the laws of the State where it is made.   This is upon the proviso, that if any clerk of a court of record, within such State, shall, under his hand and the seal of such court, certify that such deed or instrument is executed and acknowledged or proved in conformity with the laws of such State. The deed in this case was not acknowledged as required by the statute, and neither does it appear from the evidence that it was acknowledged as provided by the laws of the State of Missouri.   The plaintiff in error offered in evidence a tax deed to the land in question to one A. K. McCabe, for the purpose of showing color of title in McCabe, and proposed to show authority from McCabe to cut the timber in question. The court refused to allow the deed to go in evidence.   In this the court erred.   The deed was color of title.   The first instruction given on the part of the people is as follows:

" The court instructs the jury for the people, that if you believe from the evidence beyond a reasonable doubt, that Julia Garris, Sikes Garris, Jane Owens, Lewis Garris and George Garris were the only children and heirs at law of James Garris, deceased, then the evidence in this case proves that George W. Joiner, Sikes Garris, Lewis Garris and George Garris are and were at, and previous to the commencement of this proceeding the owners in fee simple of the N. W. qr. of the S. E. qr. of Sec. 20, Township 10 South, Range five East, in Saline county, Illinois, and if you further believe from the evidence that the defendant willfully and knowingly, in April, 1881, cut or caused to be cut and made into boards, any timber growing upon said land of the kind and description set forth in the complaint and information in this cause without the consent of the owners aforesaid, then you should find the defendant guilty."   The instruction is clearly erroneous, because it tells the jury what the evidence shows in the cause as the court understood the evidence.   It is for the jury to find the

facts and not for the court to instruct them as to what the evidence shows the facts to be. The jury are the judges of the law and the evidence. The court may instruct them as to the law, but can go no further. Whatever facts are established by the evidence is a question for the jury to determine. The county court erred in giving this instruction. The fifth instruction given upon the part of the people is erroneous, because it proceeds upon the theory that the defendant is guilty and must "exculpate" himself. The law presumes that the defendant is not guilty until the contrary is shown. That presumption of law remains with the defendant until his guilt is shown by the evidence beyond a reasonable doubt. The record in this case does not show that the defendant was required to plead to the indictment. This is an error that may be remedied upon a new trial. The record should show that a plea was entered and issue joined. The Supreme Court of this State have held that this was necessary, not only in felonies, but also in misdemeanors. For the foregoing reasons the judgment of the county court is reversed and the cause remanded.

Reversed and remanded.