ANDREW J. JOHNSON, CORNELIUS F. BACKUS, and EDGAR L. MORSE, Plaintiffs in Error, *v.* THE PEOPLE, Defendants in Error.

ERROR TO RECORDER'S COURT OF THE CITY OF CHICAGO.

A conspiracy to obtain goods by false pretenses, is an indictable offense.

If a person indicted for a misdemeanor is put on trial, the right to a final judgment on the demurrer, is supposed to have been waived.

Johnson et al. *v.* People.

On an indictment for a misdemeanor, the plea of not guilty must be entered by counsel or the accused without an arraignment. Without an issue there is nothing to be tried, and if this is not shown, it is error to sentence.

If the record shows a trial by consent, the defect may be held to be cured; or the omission to enter the plea may be obviated by an order of court.

The awarding of a separate trial in criminal cases, is a matter of discretion, not assignable for error.

THIS indictment in the Recorder's Court of Chicago, contains but one count for conspiracy, the substance of which is: "That defendants, on the 3rd day of May, 1858, at Chicago, wickedly and unjustly devising and intending one Joshua B. Casey to defraud and cheat of his goods and property, did then and there falsely and fraudulently conspire, combine, confederate and agree together among themselves, to get and obtain knowingly and designedly, by false pretenses, of the said Joshua B. Casey, one horse, of the value of six hundred dollars, the property of him, the said Joshua B. Casey, with the intent then and there to cheat and defraud the said Joshua B. Casey of the said horse."

To this indictment, plaintiffs in error demurred in proper persons.

Plaintiffs in error applied for continuance immediately, and filed three affidavits.

Cornelius F. Backus, one of defendants, filed three affidavits for continuance of cause and separate trial, showing that on the same day in which indictment was found, he is required to go to trial ; that he has a good defense, and that one Charley S. Brodber was a material witness, then absent; that he expected to procure his attendance, and could not safely proceed to trial; and discloses what he expects to prove, that he, Backus, had nothing to do with the trade, no way interested, and that the horse was sold to Johnson, etc.

Backus made an application for a separate trial, stating that he was included in the indictment, so that he could not be a witness; that he cannot have fair trial with the others, and states the reasons and facts.

A jury was called, who were impanneled to try the cause, and they found all the defendants guilty.

The motions for a new trial, and in arrest, were overruled.

The points of error as made :

Court erred in overruling the demurrer.

Court erred in overruling the application for continuance.

Court erred in refusing separate trial to Backus.

Court erred in trying the cause, defendants not having been arraigned.

Court erred in not giving a new trial.

Court erred in not arresting the judgment.

A. GARRISON, for Plaintiffs in Error.

W. BUSHNELL, District Attorney, for the People.

WALKER, J. This was an indictment presented against the plaintiffs in error, which charged that " wickedly and unjustly devising and intending one Joshua B. Casey to defraud and cheat of his goods and property, they did then and there falsely and fraudulently conspire, combine, confederate and agree together among themselves to get and obtain, knowingly and designedly, by false pretenses, of the said Joshua B. Casey, one horse, of the value of six hundred dollars," with the intent to defraud and cheat him of the same. To this indictment the defendants filed a demurrer which was overruled by the court. Defendant Backus then entered a motion upon an affidavit filed for a continuance, and also filed an affidavit and entered a motion for a separate trial. The record fails to disclose any disposition of either of these motions. The defendants were then put upon trial, which resulted in their conviction. The record fails to disclose any arraignment or any plea by the defendants. Whether this is an omission of the clerk in making the transcript of the record, which may be probable, from the manner in which it seems to have been prepared, or was omitted by the court, we are unable to determine.

The first question presented is whether the court erred in overruling the demurrer to the indictment. Our statute has declared it to be an offense to obtain goods by false pretenses. And " undoubtedly, as obtaining goods by false pretenses, is a statutory misdemeanor, conspiracies to effect them are indictable." Whart. Crim. Law, 674. This is the common law rule, and brings this indictment clearly within the provisions of the 169th sec., chap. 30, R. S. 182, which provides that all offenses not enumerated in that chapter, shall be punished by fine and imprisonment, in the discretion of the court, limiting the fine to not more than one hundred dollars, and the imprisonment to not exceeding six months.

It is likewise insisted that the offense is not sufficiently charged. That the means intended to be employed for the purpose of obtaining the property, are not specified in the indictment, and do not show an indictable offense. No judge ever doubted that a conspiracy to cheat is an offense, as much as a conspiracy to commit larceny, robbery or other crime. The means agreed to be employed by defendants in such cases, may never have been disclosed, and could not therefore be stated, and yet the offense would be complete, and may be proven by overt acts, and other circumstances. The very nature of the offense

would as a general thing, render it impossible for the prosecutor to ascertain and prove the means, agreed to be employed. We think the charge contained in this indictment, clearly describes an offense at the common law, and that the demurrer was properly overruled. The doctrine seems to be settled in England, that if a defendant demur to an indictment for a misdemeanor, and the demurrer be overruled, judgment of conviction is rendered, but in felonies the rule is different. 1 Chit. Crim. Law, 442; Whart. Crim. Law, 187. But in this case the defendants were put upon trial, and the right to final judgment on the demurrer, was waived.

The 181st section of the Criminal Code (Scates' Comp. 407), provides that upon the arraignment of a prisoner, it shall be sufficient without any other form, for him or her to declare orally, by himself or herself, or his or her counsel, that he or she is not guilty; which plea the clerk is required to immediately enter on the minutes of the court, and the mention of the arraignment and such plea, shall constitute the issue between the People and the prisoner, and if the clerk should neglect to insert in the minutes of the court, the arraignment and plea, it provides that it shall be done under the order of the court, and then the error or defect shall be cured. The arraignment and plea has always by the practice in cases of felonies, been regarded as essential to the formation of the issue, to be tried by the jury, but in cases of misdemeanor the practice allows the plea of not guilty to be entered without arraignment and may be entered by counsel. But it is believed that the practice is uniform, both in England and this country, in requiring the formation of an issue to sustain a verdict. Without it there is nothing to be tried by the jury. If the record had shown that the trial was by consent, in the case of a misdemeanor, it might be held to cure the defect, but when the trial does not appear to have been so had, no such intendments can be indulged. Or in case there had been a plea entered, and the clerk by an omission of his duty, had failed to enter it upon the record, the prosecuting attorney might have cured the defect by procuring such an entry under the order of the court. But the statute has provided for no other mode of obviating the objection, and unless waived by the defendant, it must be held to be error. In this case the error has not been cured by either of these modes, and the judgment should have been arrested for the want of such plea.

The plaintiff in error, Backus, urges a reversal because the court refused to award to him a separate trial, on his motion for the reasons stated in his affidavit. We are aware of no reported case of any court, which has ever held that it is error to refuse a severance in the trial of a criminal case. The right is dis-

cretionary with the court, to be exercised as all other matters of discretion. *United States* v. *Merchant*, 12 Wheaton, 480. Being a matter of sound discretion in the court below, we have no right to revise its decision in refusing a separate trial to this plaintiff in error.

No objection is perceived to either the giving or refusing the various instructions asked, nor in the modification to the defendant's ninth instruction. The prosecution was for a conspiracy to obtain goods by false pretenses and not for having so obtained them. And the instructions fairly present the law as applicable to the evidence on the charge for which the defendants were tried.

The judgment must be reversed and the cause remanded for further proceedings.

*Judgment reversed.*