## JAMES HOSKINS

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

| 84 | 87 |
| 135 | 403 |
| 84 | 87 |
| 47a | 473 |
| 84 | 87 |
| 100a | 1489 |
| 84 | 87 |
| 208 | 2466 |

1. CRIMINAL LAW—*prisoner can not be tried without an issue being formed.* Without an issue formed in a criminal case, there can be nothing to try, and a party convicted without such issue being formed can not, properly, be sentenced.

2. On an indictment for larceny, the record showed that the defendant waived arraignment, copy of indictment, list of jurors and witnesses, but, without a plea of any kind being entered, the defendant was placed on his trial, convicted and sentenced: *Held*, that this was error, for which the judgment must be reversed.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. G. B. & F. W. BURNETT, for the plaintiff in error.

Sheldon, C. J., Breese, J., and Craig, J., dissenting.

Mr. Justice Scott delivered the opinion of the Court:

Defendant was indicted, at the August term of the circuit court of Marion county, for larceny. On the trial, he was found guilty, and sentenced to the penitentiary for a period of three years.

It appears, from the record, that defendant "waived arraignment, copy of indictment, list of jurors and witnesses," etc., but no plea of any kind was entered. So far as this record discloses, no plea was entered before the accused was placed on trial. On the authority of the former decisions of this court, this was error. *Johnson* v. *The People*, 22 Ill. 314; *Yundt* v. *The People*, 65 ib. 372. It was held in those cases that, without an issue formed, there could be nothing to try, and the party convicted could not, properly, be sentenced. This error may be corrected, and the accused may be arraigned and required to plead to the indictment before he is again placed on trial.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*

Sheldon, C. J., Breese, J., and Craig, J., do not concur in this opinion. The record shows the prisoner expressly waived an arraignment, which, *per se*, includes the plea. We think the waiver of arraignment was a waiver of the formal entry of a plea of not guilty. The prisoner has had a fair trial by a jury, and was adjudged guilty. The entry of a plea, under the circumstances, was mere form, and unnecessary. If objections so technical as this are to prevail, it will be difficult to enforce the criminal code. The prisoner has had an impartial trial by a jury of the vicinage, on a good indictment, and was tried in the same manner and asked instructions as though a plea of not guilty had been interposed. We perceive no ground for reversing the judgment, as the facts proved are conclusive against him.