JOSEPH PARKINSON

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa November 26, 1890.*

1. CRIMINAL LAW—*of the arraignment—necessity therefor — and the form.* The arraignment and plea of the defendant should be the first steps in the progress of the trial upon an indictment for a felony. They are essential to the forming of an issue, without which there is nothing to try, and nothing on which to base a verdict or judgment.

2. It is sufficient if that which is done amounts, in substance, to an arraignment, but there must be a plea. If a trial is had without a plea of any kind being interposed and shown by the record, it is reversible error.

3. SAME—*arraignment after the trial has commenced.* A jury was impaneled and sworn in a case against one charged with a felony, and a witness sworn and partly examined, when it was discovered there was no arraignment or plea. The court thereupon arraigned the defendant, who pleaded not guilty, and the trial was then proceeded with without re-swearing the jury, and the defendant found guilty. The defendant moved in arrest of judgment, based on these facts, which the court overruled: *Held,* that the court erred in overruling the motion in arrest of judgment.

4. SAME—*correcting the record to show an arraignment.* If, as matter of fact, there has been an arraignment and a plea prior to the impaneling of the jury, and a failure to make a minute of the same, a record thereof may be made, by order of the court, *nunc pro tunc.*

5. SAME—*evidence—as to other and distinct offenses.* It is not admissible to introduce evidence tending to prove a similar but distinct offense from that for which one is being tried, for the purpose of raising an inference or presumption that the prisoner committed the particular act for which he is on trial.

6. Where, however, a person is on trial under indictment for a particular offense, and a complete detached narrative of that offense by the witnesses involves a recital of another offense, it is not error to permit them to complete the detailed narrative of the offense for which the party is indicted, notwithstanding the recital of an offense for which he was not indicted.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

26—135 ILL.

Mr. Samuel W. Jackson, (and Messrs. Mills & Ingham, of counsel,) for the plaintiff in error:

Before a party can be put on trial for a felony, he must have been arraigned and have pleaded. *Johnson* v. *People*, 22 Ill. 317; *Anderson* v. *State*, 3 Pin. (Wis.) 368; *State* v. *Montgomery*, 63 Mo. 299; 1 Bishop on Crim. Proc. sec. 733; *State* v. *Epps*, 27 La. Ann. 227.

On the trial for one offense, evidence of other distinct offenses of the same kind is inadmissible. *Baker* v. *People*, 105 Ill. 458.

Mr. Justice Baker delivered the opinion of the Court:

Parkinson, the plaintiff in error, was indicted, tried and convicted upon a charge of rape, and sentenced to imprisonment in the penitentiary for a term of years. Motions for a new trial and in arrest of judgment were severally made and overruled, and exceptions taken.

It is shown by the record that the defendant was furnished with a copy of the indictment and with lists of the names of the jurors, and of the witnesses for the prosecution, and that thereupon a jury was impaneled and sworn to try the issue in the cause, and a witness for the prosecution sworn, and her examination commenced; that it was then suggested that no plea had been entered in the case, whereupon the defendant was arraigned and pleaded not guilty, and the trial was then proceeded with. The motion in arrest was based upon the facts above stated.

The arraignment and plea of the defendant should be the first steps in the progress of a trial upon an indictment for a felony. They are essential to the formation of an issue to be tried by a jury. Where there is no issue, there is nothing to be tried, and nothing upon which the verdict of a jury or judgment and sentence of a court can properly be predicated. The statute (1 Starr & Curtis, chap. 38, div. 13, sec. 3,) provides: "Upon the arraignment of a prisoner, it shall be sufficient,

without complying with any other form, to declare, orally, by himself or his counsel, that he is not guilty, which plea shall be immediately entered upon the minutes of the court by the clerk, and the mention of the arraignment and such plea shall constitute the issue between the People of the State and the prisoner." The formalities once attendant upon the arraignment of a prisoner are not now required, and it is sufficient if that which is done amounts, in substance, to an arraignment. (*Fitzpatrick* v. *The People*, 98 Ill. 269; *Goodin* v. *The State*, 16 Ohio St. 344.) But there must be a plea; and if a trial is had, and no plea of any kind is interposed and shown by the record, it is reversible error. (*Johnson et al.* v. *The People*, 22 Ill. 314; *Aylesworth* v. *The People*, 65 id. 301; *Yundt* v. *The People*, id. 372; *Hoskins* v. *The People*, 84 id. 87; *Gould* v. *The People*, 89 id. 216.) If, as matter of fact, there is an arraignment and plea prior to the impaneling of the jury, but a failure to make a minute of the same, a record thereof may be made, by order of the court, *nunc pro tunc.* (1 Starr & Curtis' Stat. chap. 38, div. 13, sec. 3; *Long* v. *The People*, 102 Ill. 331.) But in the case at bar there was no arraignment or plea until after the jury was sworn to try the case, and the trial actually begun; nor after an issue was formed by the interposition of a plea was any attempt made to cure the defect and error by having the jury duly sworn to try such issue.

Did the arraignment made and plea interposed pending the trial purge the record of manifest error? Both reason and the authorities answer this question in the negative. In *The State* v. *Hughes*, 1 Ala. 655, a jury was selected and sworn to pass upon the guilt or innocence of the prisoner, and thereafter the prisoner was arraigned upon the bill of indictment, and entered a plea of not guilty. The judgment was reversed. The court said: "This proceeding can not be sustained without a wide departure from established usage. We think it clear that the case must be put in a condition for trial before the jury is sworn. Such is the settled course of procedure

according to the most accurate writers upon criminal law. The idea of selecting and swearing a jury to try a case which, in its progressive steps, has not reached the stage when it is triable, is a perfect anomaly. The oath administered to the jury related to the present time, and can not authorize them to try a case which is afterwards placed in a condition for trial." In *State* v. *Montgomery*, 63 Mo. 296, it was held that the failure to arraign a prisoner and enter his plea before the jury was sworn was a fatal omission, and that the entry of a plea afterwards was too late. It was there said that the arraignment and the plea must precede the swearing of the jury and the hearing of the evidence, "for till they occur there is no issue to try." We think it was error to deny the motion in arrest of judgment.

One of the grounds specified in the motion for a new trial was the admission of improper evidence on the part of the State. The testimony of the prosecuting witness, Gussie Johnson, tended to establish at least two separate and distinct offenses,—one a rape, perpetrated when she was alone with the defendant, and the other a ravishment, upon another and different day, in the presence of one Annie Moore. It is a familiar principle of our criminal law, that it is not admissible to introduce evidence tending to prove a similar but distinct offense for the purpose of raising an inference or presumption that the prisoner committed the particular act with which he is charged and for which he is on trial. In *Baker* v. *The People*, 105 Ill. 452, this court said: "Upon the trial of a party for one offense growing out of a specific transaction, you can not prove a similar substantive offense founded upon another and separate transaction, but in such case the prosecution will be put to its election." There are exceptions to the rule above stated, but the case at bar does not come within any of these exceptions. It was error to admit evidence of two separate, distinct and substantive crimes, over the objections of the defendant.

The prosecutrix testified, that one day she left school at twelve o'clock, and met Annie Moore, and that they went together to the laundry of the defendant, when and where he made assaults and committed offenses upon both of them. This evidence would have been admissible had there not been before the jury evidence of an assault made upon the prosecutrix several days before, when she was in the laundry alone with the defendant. Where a party is indicted for one offense, and a complete, detailed narrative of that offense by the witnesses involves a recital of another offense, it is not error to permit them to complete the detailed narrative of the offense for which the party is indicted, notwithstanding the recital of an offense for which he was not indicted.

For the errors in overruling the motions for a new trial and in arrest of judgment, the judgment of the Criminal Court is reversed, and the cause remanded.

*Judgment reversed.*