JOSEPH M. MILLER AND JOSEPH BOOS

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Dram Shops—Sales without License.*

1. It was error to proceed with the trial of the case presented—a prosecution by information charging defendants with the sale of intoxicating liquors without a license—the defendants not having been arraigned, arraignment not having been waived, and no plea having been entered by them or in their behalf; this error was not cured by the agreement of defendants that " the trial of this cause be submitted to the court without the intervention of a jury."

2. It is error in such case to impose a fine upon several defendants jointly, such persons, if proven guilty, being liable under the law to the statutory penalty individually.

[Opinion filed June 26, 1893.]

IN ERROR to the County Court of Jasper County; the Hon. S. F. GILMORE, Judge, presiding.

Mr. JAMES W. GIBSON, for plaintiffs in error.

Messrs. HALE JOHNSON and CHARLES A. DAVIDSON, for defendants in error.

MR. JUSTICE GREEN. This was a prosecution by information filed in the County Court of Jasper County, by

Miller v. The People.

the state's attorney, charging the plaintiffs in error with violating the provisions of Sec. 2 of Chap. 43, R. S., by the sale of intoxicating liquor without having a legal license to keep a dram shop. The information contained thirty-six counts and the defendants admitted in open court, as the record shows, that they had made thirty-six sales of intoxicating liquors within the county of Jasper, in the State of Illinois, charged in the information, within eighteen months prior to August 10, 1892, the day upon which said information was filed. The court found defendants guilty as charged in each and every count of the information, and imposed a fine of $20 upon them jointly for each offense, as charged. The record discloses the fact that the defendants were not arraigned, did not waive arraignment, and no plea was entered by them or in their behalf. It was error then to proceed with the trial of the cause. Phillips v. People, 11 Ill. App. 340; Haskins v. People, 85 Ill. 87; Aylesworth v. People, 65 Ill. 301; Price v. People, 9 Ill. App. 36.

Counsel for defendant in error suggest inasmuch as it appears by the record that defendants agreed " the trial of this cause be submitted to the court without the intervention of a jury," this error is cured. We do not so understand it. A jury was dispensed with, but no other right was waived.

It was also error to impose the fine upon the defendants jointly. If each one was guilty of the offenses charged, and the court so found, then each incurred the penalty fixed by the statute. But by the judgment of the court they were made liable jointly for the minimum fine of twenty dollars for each offense, and by the payment of this amount and costs, both would be discharged from further liability, having each paid but ten dollars or but one half of the lowest penalty fixed for each violation of the law.

For these errors the judgment is reversed and cause remanded. So far as we are at present advised, we are not inclined to hold the other errors are well assigned.

*Reversed and remanded.*