### George Persefield v. The People, etc.

1. CRIMINAL LAW—*Necessity for an Arraignment.*—It is familiar law that a person indicted for a criminal offense can not be put on trial without a plea of not guilty, for without such a plea there is nothing to try.

2. SAME—*Necessity for Entering Plea of Not Guilty Where Prisoner Refuses to Plead.*—The provisions of section 425 of the Criminal Code, providing for entering a plea of "not guilty," where the prisoner stands mute or refuses to plead, should be pursued to protect the rights of the accused, where he is often too ignorant to know and fully comprehend what his rights are under the circumstances which surround him.

Indictment, for receiving money for the purpose of influencing votes. Error to the County Court of Union County; the Hon. MONROE C. CRAWFORD, Judge, presiding. Heard in this court at the August term, 1901. Reversed and remanded. Opinion filed March 3, 1902.

TAYLOR DODD, attorney for plaintiff in error.

JAMES LINGLE, State's Attorney, attorney for defendant in error.

Persefield v. The People.

MR. JUSTICE BIGELOW delivered the opinion of the court.

Plaintiff in error was indicted by the grand jury of Union county for the crime of unlawfully receiving money for the purpose of influencing his vote for certain candidates at the general election held November 6, A. D. 1900.

The indictment was certified by the Circuit Court to the County Court for process and trial.   A trial was had in the latter court and the jury returned a verdict of guilty.

A motion by plaintiff in error for a new trial was overruled, and this was followed by a motion in arrest of judgment, which was likewise overruled, and the defendant excepted.   Judgment was rendered on the verdict that the defendant be disfranchised for the period of five years and sentenced to imprisonment in the county jail three months, and pay the costs, and that the defendant remain in custody until the costs are paid.

The defendant below brings the case here by error and assigns a number of errors, but as the record stands, we shall notice only the error of the court in overruling the motion to arrest the judgment.

The record utterly fails to show that the defendant was arraigned or pleaded to the indictment, or stood mute, or waived any of his rights whatever.   It is familiar law that a person indicted for a criminal offense can not be put on trial without a plea of not guilty, for without such a plea there is nothing to try.   Johnson et al. v. People, 22 Ill. 314;  Hoskins v. People, 84 Ill. 87;  Parkinson v. People, 135 Ill. 401.

It is not the duty of the defendant to see to it that a plea of not guilty is entered, but section 423 of the Criminal Code provides as follows:

" Upon arraignment of a prisoner, it shall be sufficient, without complying with any other form, to declare orally, by himself or his counsel, that he is not guilty; which plea shall be immediately entered upon the minutes of the court by the clerk; and the mention of the arraignment and such plea shall constitute the issue between the people of the State and the prisoner.   And if the clerk neglects to insert in the minutes the said arraignment and plea, it may and

shall be done at any time, by order of the court, and then the error or defect shall be cured." Hurd's R. S., 1899, 634.

This section of the law seems to have been disregarded by the court, the clerk and the state's attorney, if the record shows all that occurred at the trial of the case, and we must assume it does. We are not to be understood as holding that the defendant could not have waived a formal arraignment, either by himself or his counsel, if he had chosen to do so; but he must plead by himself or his counsel, or stand mute and refuse to plead. If he chooses the latter course, section 425 of the Criminal Code provides as follows:

" In all cases where the party on being arraigned obstinately stands mute or refuses to plead, the court shall order the plea of ' not guilty ' to be entered upon the minutes, and the trial, judgment and execution shall proceed in the same manner as it would have done if the party had pleaded ' not guilty.' "

This is but the rule of procedure at common law, and it is necessary that such a course should be pursued in order to protect the rights of the accused where he is often too ignorant to know and fully comprehend what his rights are under the circumstances which surround him.

For the error in overruling defendant's motion in arrest of judgment, the judgment of the County Court is reversed and the cause remanded for a new trial.