## The People of the State of Illinois, Defendant in Error, v. Marion Ezell, Plaintiff in Error.

1. DRAM-SHOPS—*when indictment charging sale of intoxicating liquor in anti-saloon territory sufficient.* Such an indictment need not negative the exceptions contained in section 18 of the Dram-shop Act providing that "nothing in this act shall be construed to forbid or prevent the sale within anti-saloon territory by druggists to whom permits or licenses therefor have been duly granted in the manner provided by law," etc.

2. DRAM-SHOPS—*how result of election establishing territory as anti-saloon may be shown.* The record kept by the clerk showing the result of such election is competent and it is not material as to how well bound the book was in which such record was kept.

3. TRIAL—*when excusing juror by court not error.* There are many reasons which justify a court in excusing a juror of his own motion and if a juror who has been tendered by the people and accepted by the defense is excused by the court such action will not reverse unless the record shows that the juror was so excused for an insufficient or improper reason.

4. EVIDENCE—*what does not affect credibility of witness.* In a criminal case the fact that a witness testifying for the people may have testified before the grand jury against another person is incompetent.

5. INSTRUCTIONS—*when as to duty of jury to follow, in criminal case, erroneous.* In a criminal case it is error to tell the jury that they are bound by the instructions of the court as to the law of the case; if the jury can say upon their oaths that they know the law better than the court, it is their right to disregard the instructions.

6. INSTRUCTIONS—*when in criminal case exclude proof of guilt beyond reasonable doubt.* An instruction abstract in form which concludes by saying to the jury, "and such guilt may be established by proof of facts and circumstances from which it may be reasonably inferred," is erroneous.

7. CRIMINAL LAW—*when sentence properly imposed. Held,* that the sentence in this case was properly imposed in view of the fact that the defendant was sentenced and fined on each count separately; the court holding that both of the sentences imposed would begin and end on the same day because of the fact that the court did not specify in its order that the second sentence should begin on the day the first sentence ended.

8. CRIMINAL LAW—*effect of nonarraignment.* If the record does not show that the defendant was arraigned or that a plea of any kind was made by the defendant or entered of record, a motion in arrest will lie. In prosecutions for misdemeanors the practice is to

allow the plea of not guilty to be entered without arraignment, but without such a plea being entered there is nothing to be tried. *Held,* in this case, that the absence of the plea was not waived by the defendant.

Prosecution for unlawful sale of intoxicating liquors. Error to the County Court of Franklin county; the Hon. THOMAS J. MYERS, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed April 9, 1910.

MOONEYHAM & SEEBER, for plaintiff in error.

G. A. HICKMAN, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Marion Ezell, plaintiff in error, was tried in the County Court of Franklin county upon an indictment of two counts returned by the grand jury at the November term, 1908, of the Circuit Court of said county, and duly certified by the clerk of said court to the County Court for process and trial.

Said two counts in substance charge that Marion Ezell of said county, on the first day of November, 1908, at and within said county of Franklin, did then and there at the town of Frankfort, unlawfully sell intoxicating liquors, the said place where said liquors were so sold, then and there being anti-saloon territory, contrary to the form of the statute in such case made and provided and against the peace and dignity of the same People of the State of Illinois. Upon a jury trial the defendant was found guilty upon both counts of the indictment. Motions for new trial and in arrest of judgment were overruled and judgment and sentence was entered on the verdict, that the defendant pays a fine of one hundred dollars on each of said counts and all costs and that he be confined in the county jail of said county, for the period of thirty days for each count, etc., to all of which exceptions were duly saved.

The plaintiff in error attacks the sufficiency of the indictment in this case on the grounds that it does not negative the exceptions in section 18 of the new Dram-Shop Act, providing that, "Nothing in this act shall be construed to forbid or prevent the sale within anti-saloon territory by druggists to whom permits or licenses therefor have been duly granted in the manner provided by law," etc. The rule of law on this subject is well stated in the case of Lequat v. The People, 11 Ill. 331, as follows: "If there be any exception in the same clause of the act which creates the offense, the indictment must show affirmatively that the defendant does not come within the exception; but if the exception or proviso be in a subsequent clause or statute, or, if in the same section, and not incorporated with the enacting clause by any words of reference, it is in that case matter of defense, and need not be negatived in the pleading." Applying the above rule to the present statute under consideration, it is clear that this indictment is good and not subject to the objections made to it. See also Metzker v. The People, 14 Ill. 101. Both counts of the indictment averred that the sales were made in anti-saloon territory, and therefore the objection to the second count is not well taken.

It is also insisted that the court erred in excusing the juror, Wickersham, of its own motion after said juror had been tendered by the People and accepted by the defendant after defendant's peremptory challenges had been exhausted. The reasons for the court's action in this regard do not appear in the record, and the examination of the juror, and all the circumstances leading up to the discharging of the juror are omitted from the record. There are many reasons why the court might excuse the juror legally, such as the personal privilege of the juror that he was exempt from jury service, or that he was in ill health and not able to sit as a juror, or that some member of his family was dangerously sick, etc. There is no showing in the record that the action of the court was error, and in

the absence of such showing the action of the court must be sustained.

It was not error in the court to refuse to allow the defense to prove that the prosecuting witness, Abe Ray, went before the grand jury and indicted Silas Summers for purchases made, or claimed to have been made, from the defendant. Such evidence would in no way have shed light on the questions before the jury in this case. It is the personal privilege of every one, if not a moral duty, to see that all violators of the law are punished, if that was his mission. But whatever might be his motive in another case, or whatever might have been his acts, there is no reason shown why they should have been considered by the jury in passing on the guilt of the defendant in this case.

The court did not commit error in admitting the result of the election as kept by the town clerk on the question of whether or not the township of Frankfort should become anti-saloon territory. Section 7 of the Anti-Saloon Territory Act simply provides that he shall record such result in a well bound book, and that such result may be proved in all courts and in all proceedings by such record. We have not had the book before us; but it is the record made by such clerk that is admissible as evidence, and the question of how well bound the book was in which it was kept is not material here. If it is the one used for such purpose and the record is properly made, as appears in this case, it is admissible in all courts, as evidence of such result.

Instructions Nos. 7 and 8 given for the people were erroneous. No. 7 in substance tells the jury that they are bound by the instructions of the court as to the law of the case, and that they are to look to said instructions solely for the law. While it may be true that the provision of our law making juries the judges of the law as well as of the facts ought long ago to have been repealed, and that it has virtually been hedged in by the decisions of our courts so that it has not much significance now; yet, our Supreme Court still upholds it

to the extent that the jury are the judges of the law, and that they are not bound by the instructions of the court as to the law, if they can say upon their oaths, that they know the law better than the court. No instruction has ever been upheld that tells them in substance that they are bound to take the instructions of the court as the law of the case. No. 8 is a very harmful instruction and should not have been given. It is an abstract proposition of law, simply, and it concludes by saying to the jury "but such guilt may be established by proof of facts and circumstances from which it may be reasonably inferred." Now, in criminal cases such guilt cannot be established or inferred unless the facts and circumstances are such as to satisfy the jury beyond a reasonable doubt of the guilt of the defendant. An inference of guilt is not warranted from circumstantial evidence or any other kind of evidence unless it convinces the mind beyond a reasonable doubt. A jury should be instructed with reference to the facts proved and not as to what might or could have been proved in the case. There is no objection to circumstantial evidence, nor to convictions on circumstantial evidence when sufficient, and we do not mean to intimate that the circumstances with the other evidence was not sufficient. There is probably no evidence that is stronger or more convincing than circumstantial evidence, but it is not proper to tell a jury in a mere abstract proposition of law that "his guilt may be established by proofs of facts and circumstances," etc., without further explanation, and without properly applying this law to the case in hand. We find no objection to the other instructions of which complaint is made.

There was no error in the sentence of the court of which defendant could complain. He was sentenced and fined on each count separately. However, both jail sentences would begin and end on the same day unless the judgment of the court should specify in his order that the second sentence should begin on the day

the first ended. As the case will have to be reversed for the errors herein pointed out we refrain from commenting on the merits of the case further than to say that the evidence was conflicting and in such case the instructions must be accurate.

There is one error in this case that particularly necessitates a reversal of the judgment and sentence of the lower court. The record does not show that the defendant was arraigned, or that a plea of any kind was made by the defendant or entered of record. In prosecutions for misdemeanors the practice is to allow the plea of not guilty to be entered without arraignment. But without this plea being entered there is nothing to be tried. The plea was not waived by the defendant, and it must be held as error. For want of such a plea the judgment should have been arrested. Johnson v. The People, 22 Ill. 314; Miller v. The People, 47 Ill. App. 472.

For the errors indicated the judgment is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*