The People of the State of Illinois, Defendant in Error, v. Daniel J. McCarthy, Plaintiff in Error.

1. CRIMINAL LAW—*duty of court to form issue before trial.* It is the duty of the court upon the trial of all misdemeanor cases to require the defendant to plead, or to incorporate a plea of not guilty into the record, and thereby make an issue before trial.

2. CRIMINAL LAW—*record must show plea of not guilty was made.* The Criminal Code, div. III, § 3, as to arraignment and plea, contemplates an arraignment and plea of not guilty before trial and before a conviction can be sustained in a misdemeanor case the record must show that an issue was made by a plea of not guilty.

3. CRIMINAL LAW—*when absence of plea of not guilty is not cured.* Where it is alleged in a motion for a new trial that a plea of not guilty had not been entered and that no issue had been formed, an amendment of the record of the proceedings in the trial court by the entry of a *nunc pro tunc* order stating that defendant appeared in open court and "stated he was ready for trial" is not sufficient to cure the defect.

Error to the County Court of McLean county; the HON. HOMER W. HALL, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded. Opinion filed October 15, 1912.

MARTIN A. BRENNAN and FRANK GILLESPIE, for plaintiff in error.

WILLIAM R. BACH and JAMES C. RILEY, for defendant in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This is a writ of error to the McLean County Court,

sued out of this court to bring before us the record in said cause.

The plaintiff in error was indicted, charged with keeping a gaming house in the City of Bloomington, by the grand jury of that county, and the indictment was certified to the county court for trial.

The record of the proceedings in the said county court may well be set out at length, as there is a controversy as to the effect thereof, and it is as follows:

"And now on this day, (being October 2, 1911) come the People, by their attorney, and also come said defendants Dan McCarthy and John McCarthy, by their attorneys, and this cause coming on for trial, thereupon comes a jury, twelve good and lawful men, to-wit: (Here naming them,) who are elected, tried and sworn to well and truly try the issues herein joined and a true verdict render according to the law and the evidence. After hearing the evidence produced, the arguments of counsel and the instructions of the court, the jury aforesaid retire in charge of a proper officer to consider of verdict. After deliberation, the jury return into court with the following verdict: 'We the jury find Dan McCarthy guilty of keeping a gaming house, as charged in the indictment, and the defendant John McCarthy not guilty.' "

A motion for new trial was presented assigning, among other things, the following: "Sixth. The court improperly allowed the case to proceed to trial, there being no plea of not guilty entered by the defendant at any time, either by himself or counsel."

"Seventh. The verdict of the jury and all proceedings had in the trial of this cause are "null and void," as there is no issue formed; and the defendant not having filed or entered a plea of not guilty."

On the third day of November, 1911, being one of the days of the said term, the People moved the court for a *nunc pro tunc* order to amend in said cause "in accordance with the actual facts, so as to show that prior to the trial by jury in said cause the defendant appeared in open court and the defendant, then and

there, in open court, by counsel, stated that he was ready for trial, thereupon the jury was empanelled.'' The court granted said motion and directed the record to be amended accordingly. Thereupon the motion for new trial was overruled and judgment was entered upon the verdict, to all of which defendant, plaintiff in error here, excepted.

The only assignments of error we deem it necessary to consider in connection with the decision of this case, are those relating to the action of the court in permitting the defendant to be put upon his trial without a plea.

Section 3, of division III of the Criminal Code, provides that upon the arraignment of a prisoner it shall be sufficient, without complying with any other form, to declare orally by himself or his counsel, that he is not guilty; which plea shall be immediately entered upon the minutes by the clerk, and the mention of the arraignment and such plea shall constitute the issue.

Thus it will be seen that said section contemplates an arraignment and plea of not guilty before trial.

We may reasonably conclude that the People placed the same construction upon this section of the statute, otherwise there would be no reason for the *nunc pro tunc* curative order asked for and made by the court.

Be that as it may, it seems to be the duty of the court, upon the trial of all misdemeanor cases, to require the defendant to plead, or to incorporate a plea of not guilty into the record, and thereby make an issue before trial. It is believed this holding is uniform in the state. An issue must be formed before a verdict can be sustained. That issue may be made by arraignment and plea of not guilty or, in misdemeanor cases, by announcement, orally in open court, that the defendant is not guilty; or, where the defendant stands mute, the court may enter for him a plea of not guilty. But, in every case, before a verdict can be sustained the record must show that an issue was made by a plea of not guilty. Johnson v. People, 22

Ill. 314; Gould v. People, 89 Ill. 216; Parkinson v. People, 135 Ill. 403.

It is contended by counsel for defendant in error People, that the record made in the *nunc pro tunc* order is sufficient to cure the defect complained of by plaintiff in error in this respect.

The record, as amended, discloses the fact that the plaintiff in error then and there appeared in open court and that he, then and there, "stated he was ready for trial."

In our view the record as amended by the *nunc pro tunc* order is not sufficient to make an issue of the guilt or innocence of the plaintiff in error, as required by the statute. It may reasonably be concluded that what the jury was to try was to determine the guilt or innocence of the plaintiff in error upon the occasion in question, and that the issue there was his guilt or innocence, but such does not appear from the recitals of the record; and for that reason the motion for new trial should have been granted.

For the error above stated the judgment is reversed, and the cause is remanded to the said court for further proceedings.

*Reversed and remanded.*