## The People of the State of Illinois, Defendant in Error, v. Cora Goff, Plaintiff in Error.

1. CRIMINAL LAW, § 95*—*what is effect on judgment of trial of case without plea.* The trial of a criminal case for assault with a deadly weapon without the entry of a plea by the defendant is a nullity.

2. CRIMINAL LAW, § 95*—*when entry of plea essential.* Under J. & A. ¶ 4120, relating to the entry of a plea of not guilty upon arraignment of accused in a criminal case, and the formation of an issue in such manner, a plea is essential in the case of a misdemeanor as well as in the case of a felony.

3. CRIMINAL LAW—*what is not waiver of plea.* Proceeding with the trial of a criminal prosecution for assault with a deadly weapon without the entry of a plea is not a waiver of such plea.

Error to the Circuit Court of Clay county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed April 5, 1918.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

James H. Smith and J. L. Boyles, for plaintiff in error.

No appearance for defendant in error.

Mr. Justice McBride delivered the opinion of the court.

The plaintiff in error was indicted by the Grand Jury of Clay county, Illinois, for an assault with a deadly weapon upon the person of Frances B. McKinney with intent to commit a bodily injury and was convicted in the Circuit Court and sentenced to pay a fine of $50 and costs, to reverse which judgment this writ of error is prosecuted.

One of the errors assigned by the plaintiff in error, hereinafter called plaintiff, is that the court erred in rendering judgment upon the verdict because no plea was ever made by the plaintiff or entered in the record. An examination of this record discloses that the plaintiff was never arraigned and never entered any plea in the case and that the court proceeded to trial without any plea having been entered. It is provided by statute that: ''Upon the arraignment of a prisoner, it shall be sufficient, without complying with any other form, to declare orally, by himself or his counsel, that he is not guilty; which plea shall be immediately entered upon the minutes of the court by the clerk, and the mention of the arraignment and such plea shall constitute the issue between the People of the State and the prisoner.'' [J. & A. ¶ 4120.] In order to constitute an issue to be tried it is necessary that a plea be entered, and if no plea is entered and a trial is had without such issue having been made it is, under the several rulings of our court, a nullity. A trial was had when in fact no plea of any kind was ever filed in the cause, so far as this record discloses. On the authority of *Johnson v. People,* 22 Ill. 314, this

was error. It was there held that without an issue there could be nothing to try, and the party convicted could not be properly sentenced. This error can be corrected and the accused may be arraigned and required to plead before he is again placed on trial. *Yundt v. People,* 65 Ill. 372. The same doctrine is announced in the case of *Hoskins v. People,* 84 Ill. 87; also in the case of *Parkinson v. People,* 135 Ill. 401. The cases above referred to were felonies, but the statute does not limit the requirement of a plea to a felony but in general terms applies to any prisoner at the bar. In the case of *Persefield v. People,* 100 Ill. App. 488, it is held that this doctrine applies to misdemeanors as well as felonies, and the cases above referred to are cited by the Appellate Court in its holding that the plea of not guilty is essential in the trial of a misdemeanor and that a failure to enter such plea is reversible error. The Appellate Court of the Fourth District of Illinois, by Justice Duncan, in the case of *People v. Ezell,* 155 Ill. App. 298, in an action against the defendant for selling liquors in anti-saloon territory, held that it was essential to a proper trial of a case to enter a plea before proceeding with the trial, and in that case the court says: "There is one error in this case that particularly necessitates a reversal of the judgment and sentence of the lower court. The record does not show that the defendant was arraigned, or that a plea of any kind was made by the defendant or entered of record. In prosecutions for misdemeanors the practice is to allow the plea of not guilty to be entered without arraignment. But without this plea being entered there is nothing to be tried. The plea was not waived by the defendant, and it must be held as error. For want of such a plea the judgment should have been arrested. *Johnson v. People,* 22 Ill. 314; *Miller v. People,* 47 Ill. App. 472." In this case, so far as the record discloses, there was no arraignment of the plaintiff and

no plea entered by her, and under the holdings of both the Supreme and the Appellate Courts the trial was a nullity and the court erred in entering judgment without such a plea having been entered. It was not the business or duty of the plaintiff to see to the entering of the plea, and the going to trial without the plea being entered was not a waiver of such a plea, and the rendering of judgment upon the verdict entered without such a plea was erroneous.

Other errors are assigned by the plaintiff but we do not deem it necessary to give them any consideration as this error necessitates a reversal of the case.

We are of the opinion that the court erred in proceeding to trial without having required a plea to be entered, and in rendering judgment without such plea having been entered, and the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*