## The People of the State of Illinois, Defendant in Error, v. Louis Friedman, Abe Friedman and Joseph Goldstein, Plaintiffs in Error.

### Gen. No. 26,141.

1. RECEIVING STOLEN GOODS—*when joint conviction of codefendants proper.* Where nine men, including the three defendants, were indicted for larceny and receiving stolen property and the felony was waived and by agreement the matter was submitted to the court without a jury, and three were found not guilty, as to three the case was still undisposed of, and the three in question were found guilty of receiving stolen property, and where defendants claimed that the indictment charged a joint receiving on the part of the nine defendants while the evidence showed that they were separate and distinct, and that therefore the defendants could not properly be convicted of the same offense when the evidence showed they were guilty of separate and different offenses, the point was not tenable, because the evidence tended to show a conspiracy by the parties to commit the crime charged, and although they were not charged with conspiracy in the indictment yet, where such fact is shown, all of the parties to the conspiracy may be convicted for the same offense.

2. CRIMINAL LAW—*when record cannot be amended by nunc pro tunc order.* Where it was claimed that there was no plea to the count of an indictment charging the receiving of stolen property, the record could not be amended, several terms after the defendants were sentenced, by a *nunc pro tunc* order showing that defendants were arraigned and pleaded not guilty to the indictment, but through error the record was made to show that they pleaded not guilty to petit larceny which was alleged in the other count of such indictment, unless there was some memorandum, minute or note of the judge, or something appearing on the records or files to show what the order entered actually was.

3. RECORDS—*what not essential to amendment of court record at subsequent term.* Where a record is amended by an order of. court at a term subsequent to that at which final judgment was rendered, it is not essential that the order itself recite what minute, memorandum or note of the judge or memorial paper was found in the record to warrant the order; but in the absence of a showing to the contrary, it will be presumed that there was sufficient before the court to warrant the amendment.

4. CRIMINAL LAW—*when nunc pro tunc amendment of record is nullity.* Where, under an indictment for larceny and receiving

stolen property, the felony was waived and the matter submitted to the court, and defendants claimed that there was fatal error in the record because there was no plea to the count charging the receiving of stolen property, a *nunc pro tunc* order showing that defendants had pleaded to the indictment, and that the pleas of not guilty were to said indictment and not to the charge of larceny only, entered several terms after defendants were sentenced, was a nullity where the order was entered without notice to the defendants.

5. CRIMINAL LAW—*when failure of record to show plea is reversible error.* The failure of the record to show that defendants pleaded to the count of the indictment under which they were convicted was reversible error, although the felony charged had been waived so that defendants were charged only with a misdemeanor, and a jury had been waived and the case submitted to the court.

Error to the Criminal Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Reversed and remanded. Opinion filed December 21, 1921.

BENJAMIN E. COHEN, for plaintiffs in error Louis and Abe Friedman; ARTHUR C. BACHRACH, of counsel.

B. M. SHAFFNER, for plaintiff in error Joseph Goldstein.

ROBERT E. CROWE and EDWARD E. WILSON, for defendant in error.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Nine men, including the three defendants, were indicted for larceny and receiving stolen property. The felony was waived and, by agreement, the matter was submitted to the trial judge without a jury. Three of the defendants were found not guilty and as to three others the case appears to be still undisposed of. The court found the three defendants before us guilty of receiving stolen property of the value of $14 and

sentenced each of them to 90 days in the county jail and to pay a fine of $500, to reverse which the defendants found guilty have prosecuted this writ of error.

The record discloses that on motion of the State's Attorney the felony charge against the three defendants here was waived; that the defendants were then duly arraigned and that each of them entered a plea of not guilty of "petit larceny in the manner and form as charged." The case was heard and considerable evidence introduced. The record then shows that the court after hearing the evidence and arguments of counsel "and being fully advised in the premises doth find the said defendants Louis Friedman, Abe Friedman and Joseph Goldstein guilty of receiving stolen property and doth find from the evidence the value of such property to be $14." The court then sentenced each of the defendants to 90 days in the county jail and to pay a fine of $500.

The defendants contend that the judgment should be reversed because the evidence shows that the goods in question were stolen by one Sidney Devorkin and by him delivered to Joseph Shaps, one of the defendants against whom the case appears to be still pending, and by Shaps sold at different times to the defendants Friedman and at other times to Goldstein; that the indictment charges a joint receiving on the part of the nine defendants while the evidence shows they were separate and distinct; that in these circumstances the defendants could not properly be convicted of the same offense when the evidence showed they were guilty of separate and different offenses. We think the point untenable. The evidence tends to show that there was a conspiracy by the parties to commit the crime charged, and although they were not charged with conspiracy in the indictment yet, where this fact is shown, all of the parties to the conspiracy may be convicted for the same offense. *People v. Hedge,* 284 Ill. 513.

The defendants further contend there is fatal error in the record because there was no plea by them to the second count of the indictment which charged them with receiving stolen property and that in the absence of a plea there was no controversy before the court. The State seems to concede this but seeks to obviate its effect by the fact that on February 17, 1920, the court corrected the record by a *nunc pro tunc* order showing that the defendants when arraigned pleaded not guilty to the indictment but through error the record was made to show that they pleaded not guilty to petit larceny,—the first count of the indictment. This amending order was entered several terms of court after the defendants were sentenced and unless there was some memorandum, minute or note of the judge, or something appearing on the records or files of the court to show what the order entered actually was, it could not be corrected by a *nunc pro tunc* order. *Stein v. Meyers*, 253 Ill. 199; *People v. Kuhn*, 291 Ill. 154.

The defendants argue that the order of February 17, purporting to amend the record, is void for two reasons: (1) That it does not recite in the order itself what minute memorandum, note of the judge or memorial paper was found in the record to warrant the order, nor does this appear from any bill of exceptions; and (2) that the order was entered without notice to the defendants. We think the first point is not well taken because it is the law that where a record in a case is amended by an order of court at a term subsequent to that at which final judgment was rendered, in the absence of a showing to the contrary, it will be presumed that there was sufficient before the court to warrant the amendment. *Gebbie v. Mooney*, 121 Ill. 255. If no notice, however, was given to defendants or their counsel, we are of the opinion that the order was a nullity. *Gillett v. Booth*, 95 Ill. 183; *Knefel v. People*, 187 Ill. 212; *Roblin v.*

*Illinois College,* 155 Ill. App. 420. The order of February 17, 1920, is as follows:

"This day come the said People by Maclay Hoyne, State's Attorney.

"On motion of the State's Attorney, the court on inspection of the records in the above entitled cause finds that: The orders entered May 14, 1919, have been incorrectly entered; that the orders entered as of that day should show that the defendants Abe Friedman, Louis Friedman and Joseph Goldstein entered pleas of not guilty to the indictment, the felony having been waived by the People of the State of Illinois.

"Thereupon the court orders that said records in this cause be and they hereby are corrected to show that the pleas of not guilty entered by said defendants were to the said indictment and not to the charge of larceny only.

"It is hereby further ordered by the court that this order be entered *nunc pro tunc* as of May 14, 1919."

From this it clearly appears that no notice was given to the defendants or to their counsel that the State would move to have the order of February 17 entered. We think it affected a substantial right of the defendants, and no notice being given, the court was without authority to enter it and it is, therefore, void. The question then recurs, is the record as originally made up sufficient to sustain the conviction without showing that the defendants had pleaded to the second count of the indictment? The felony was waived so that the defendants were charged only with a misdemeanor. A jury was waived and the case was submitted to the court. In these circumstances we think that on a common-sense view of the situation the record was sufficient. This is the effect of the holding in the cases of *Spicer v. People,* 11 Ill. App. 294; *People v. Melville,* 185 Ill. App. 214, and there is an intimation to this effect in the case of *Johnson v. People,* 22 Ill. 314. In the latter case, the court said (p. 317): "The arraignment and plea has always,

by the practice in cases of felonies, been regarded as essential to the formation of the issue, to be tried by the jury, but in cases of misdemeanor the practice allows the plea of not guilty to be entered without arraignment and may be entered by counsel. But it is believed that the practice is uniform, both in England and this country, in requiring the formation of an issue to sustain a verdict. Without it there is nothing to be tried by the jury. If the record had shown that the trial was by consent, in the case of a misdemeanor, it might be held to cure the defect, but when the trial does not appear to have been so had, no such intendments can be indulged.''

In the *Spicer* case the defendant was tried upon an information charging him with assault and battery. The court said (p. 297): "It is also urged that the defendant was put upon trial without entering his plea. It has been held that this is error, even in case of a misdemeanor. * * * But if this were the only point in the case we should be inclined to hold upon the fact as shown by this record, that defendant announced himself ready for trial, he in effect entered a plea, and that the failure of the record to contain a formal statement on that point would be a mere irregularity for which, no other reasons appearing, the judgment would not be set aside." In the *Melville* case it was urged as ground for reversal that the record failed to show any arraignment and plea. The court said: "The record shows that the trial was by consent before the court without a jury, and in such case the failure to arraign is not reversible error. *Johnson v. People*, 22 Ill. 314." On the other hand, the absence of a plea even in a misdemeanor case has been held to be fatal. *People v. Ezell*, 155 Ill. App. 298; *People v. Goff*, 211 Ill. App. 122; *Miller v. People*, 47 Ill. App. 472; *Persefield v. People*, 100 Ill. App. 488; *People v. McCarthy*, 176 Ill. App. 499. In the *Ezell* case the defendant was charged with selling intoxicating liquors in anti-saloon territory.

Mr. Justice Duncan in delivering the opinion of the court reversing the judgment said (p. 303): "There is one error in this case that particularly necessitates a reversal of the judgment and sentence of the lower court. The record does not show that the defendant was arraigned, or that a plea of any kind was made by the defendant or entered of record. In prosecutions for misdemeanors the practice is to allow the plea of not guilty to be entered without arraignment. But without this plea being entered there is nothing to be tried. The plea was not waived by the defendant, and it must be held as error. For want of such a plea the judgment should have been arrested. *Johnson v. People,* 22 Ill. 314; *Miller v. People,* 47 Ill. App. 472." In the *Goff* case the defendant was indicted and convicted of an assault and sentenced to pay a fine of $50. One of the points urged for reversal was that the record failed to show any plea by the defendant. The court there said (p. 123): "A trial was had when in fact no plea of any kind was ever filed in the cause, so far as this record discloses. On the authority of *Johnson v. People,* 22 Ill. 314, this was error. It was there held that without an issue there could be nothing to try, and the party convicted could not be properly sentenced. This error can be corrected and the accused may be arraigned and required to plead before he is again placed on trial." The court then reviews the authorities, including the *Ezell* case, and reverses the judgment and remands the cause. In the *McCarthy* case it was held that it was the duty of the court upon the trial of all misdemeanor cases to require the defendant to plead and this plea be shown of record; that if this was not done, there was no issue before the court and a judgment of conviction could not stand. Under the authorities we are constrained to hold that the failure of the record to show that the defendants pleaded to the second count of the indictment, and under which count they were

convicted, is fatal and the judgment of conviction cannot stand.

Complaint is also made to the finding of the trial court that it was insufficient to find the defendants guilty of receiving stolen property. Whatever error, if any, there is in this regard can be obviated on a retrial of the case.

The judgment of the criminal court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*

THOMSON and TAYLOR, JJ., concur.