## The People of the State of Illinois, Defendant in Error, v. Lee Hughes, Plaintiff in Error.

1. CRIMINAL PROCEDURE—*necessity for arraignment and plea in prosecution for misdemeanor*. It is reversible error to proceed with the trial of a person charged with having in his possession unlawfully a motor vehicle with changed engine number, without arraignment of or plea by defendant or waiver thereof by him, and a verdict of guilty and judgment entered thereon cannot be sustained.

2. CRIMINAL PROCEDURE—*scienter as element of crime of unlawful possession of motor vehicle with changed engine number*. It is not necessary to charge scienter in an information charging defendant with having in his possession unlawfully a motor vehicle with changed engine number.

Error to the County Court of Jasper county; the Hon. MILO D. YELVINGTON, Judge, presiding. Heard in this court at the March term, 1922. Reversed and remanded. Opinion filed July 11, 1922.

DAVIDSON & FITHIAN, for plaintiff in error; W. F. JOHNSON, of counsel.

WILLIAM E. ISLEY, for defendant in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

An information was filed to the February term, 1922, of the county court of Jasper county, charging plaintiff in error, Lee Hughes, with unlawfully having in his custody and possession a motor vehicle, from which the original engine number had been removed, destroyed, altered, covered and defaced, contrary to the form of the statute in such case made and provided.

At that term defendant appeared when the case was called and the trial was entered into without any arraignment of the defendant or the entry of a plea of not guilty. A jury was impaneled, the case tried and a verdict of guilty returned. Motions for a new trial and in arrest of judgment were overruled by the

court and defendant sentenced to pay a fine of $300 and costs and to stand committed to the county jail until such fine and costs should be fully paid.

The record and the cause having been brought here for review by writ of error, the plaintiff in error contends that the judgment against him was rendered in error for the reason that he was never arraigned, never waived it and entered no plea of any kind. This court has repeatedly held in criminal cases presented to it that without the entry of a plea the trial is a nullity and no legal judgment can follow. Section 3, division 13 of our Criminal Code [Cahill's Ill. St. ch. 38, ¶ 755] provides: "Upon the arraignment of a prisoner, it shall be sufficient, without complying with any other form, to declare orally, by himself or his counsel, that he is not guilty; which plea shall be immediately entered upon the minutes of the court by the clerk, and the mention of the arraignment and such plea shall constitute the issue between the people of the State and the prisoner." In *Persefield v. People,* 100 Ill. App. 488, this court said: "It is familiar law that a person indicted for a criminal offense cannot be put on trial without a plea of not guilty, for without such a plea there is nothing to try." In that case the record failed to show that the defendant, who was put on trial for a misdemeanor, was arraigned or pleaded to the indictment or waived his rights and for that reason the judgment of the court below was reversed and the cause remanded. In the case of *People v. Ezell,* 155 Ill. App. 298, which was an indictment charging an unlawful sale of intoxicating liquors, this court said in reference to the same question: "There is one error in this case that particularly necessitates a reversal of the judgment and sentence of the lower court. The record does not show that the defendant was arraigned, or that a plea of any kind was made by the defendant or entered of record. In prosecutions for misdemeanors the practice is to allow the plea of

not guilty to be entered without arraignment. But without this plea being entered there is nothing to be tried. * * * For want of such a plea the judgment should have been arrested.'' Again in the case of *People v. Goff*, 211 Ill. App. 122, where the defendant entered upon the trial of a charge of misdemeanor without any plea having been entered upon arraignment, we said: ''In order to constitute an issue to be tried, it is necessary that a plea be entered, and if no plea is entered and a trial is had without such issue having been made it is, under the several rulings of our court, a nullity.'' In the case of *People v. McCarthy*, 176 Ill. App. 499, the Appellate Court for the Third District said: ''It seems to be the duty of the court, upon the trial of all misdemeanor cases, to require the defendant to plead, or to incorporate a plea of not guilty into the record, and thereby make an issue before trial. It is believed this holding is uniform in the State. * * * In every case, before a verdict can be sustained, the record must show that an issue was made by a plea of not guilty.''

The principle above laid down seems to be so firmly established that it is unnecessary to multiply cases. It follows that in this case, where there was neither arraignment nor plea, the trial was a nullity and the judgment of the court below cannot be permitted to stand. A motion to quash the information was made in this case by plaintiff in error because it failed to state that his possession of the automobile with changed numbers on the motor was with his knowledge and consent. We are of opinion that in cases of this kind it is not necessary to charge *scienter* and this position seems to be sustained by *People v. Fernow*, 286 Ill. 627, and *People v. Johnson*, 288 Ill. 442.

By reason of the failure of the trial court to cause the defendant to be arraigned and a plea entered, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*