## The People of the State of Illinois, Defendant in Error, v. Silas Summers and William Stewart, Plaintiffs in Error.

CRIMINAL PROCEDURE—*necessity for arraignment and plea before trial.* It is reversible error to proceed with a prosecution on a criminal charge without arraignment of the defendant and a plea of not guilty by him.

Writ of error by defendants to the County Court of Franklin county; the Hon. THOMAS J. MYERS, Judge, presiding. Heard in this court at the October term, 1922. Reversed and remanded. Opinion filed January 26, 1923.

R. E. SMITH, for plaintiffs in error.

ROY C. MARTIN, for defendant in error.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

An information consisting of three counts was filed in the county court of Franklin county against plaintiffs in error and one Elmer Summers.

The first count charged the defendants in said information with keeping a common gaming house. The second count charged them with unlawfully permitting persons to come together in a building used and occupied by them for the purpose of playing for money, at a game with dice. The third count charged them with unlawfully suffering to be kept in a certain building, used and occupied by them, certain tables for gaming purposes.

A motion was made to quash said information which motion was overruled by the court.

Thereupon the State's Attorney and counsel representing said defendants announced that they were ready for trial. A jury was impaneled, trial was had, and a verdict returned finding the defendant Elmer

Summers not guilty and finding plaintiffs in error guilty under the first and third counts of the information.

A motion for a new trial was made by plaintiffs in error, but the same was overruled by the court.

Thereupon plaintiffs in error entered a motion in arrest of judgment, which said motion was sustained as to the third count and was overruled as to the first count. Judgment was entered on said first count against plaintiffs in error and a fine of $100 was entered against them, respectively, with costs of suit, and an order was entered committing plaintiffs in error to the county jail of said county until said fine and costs were paid. To reverse said judgment this writ of error is prosecuted.

The principal ground urged by plaintiffs in error for reversal of said judgment is that neither of them was arraigned and entered pleas prior to the trial of said cause.

We have examined the record in said cause, and we find that this assignment of error is well taken, and that neither of said plaintiffs in error was arraigned or entered pleas in said cause. The statute in reference thereto provides: "Upon the arraignment of a prisoner, it shall be sufficient, without complying with any other form, to declare orally, by himself or his counsel, that he is not guilty; which plea shall be immediately entered upon the minutes of the court by the clerk, and the mention of the arraignment and such plea shall constitute the issue between the people of the State and the prisoner." J. & A. Ill. St. ¶ 4120 [Cahill's Ill. St. ch. 38, ¶ 755].

This statute has been frequently passed upon by the Supreme and Appellate Courts of this State, and it has been unanimously held that unless a plea of not guilty is entered by the defendant in an indictment or information, there is nothing to try. *Johnson v. People,* 22 Ill. 314; *Yundt v. People,* 65 Ill. 372; *Hos-*

*kins v. People,* 84 Ill. 87; *Parkinson v. People,* 135 Ill. 401; *Persefield v. People,* 100 Ill. App. 488; *People v. Ezell,* 155 Ill. App. 299; *People v. Goff,* 211 Ill. App. 122.

In *Parkinson v. People, supra,* the Supreme Court, in discussing this question, held not only that there must be a plea of not guilty entered by the defendant before there was anything to try, but that this plea should be entered before the jury were sworn, and that swearing the jury after the trial had been entered upon was not sufficient. In discussing this question the court at page 403 says:

"Did the arraignment made and plea interposed pending the trial purge the record of manifest error? Both reason and the authorities answer this question in the negative. In *State v. Hughes,* 1 Ala. 655, a jury was selected and sworn to pass upon the guilt or innocence of the prisoner, and thereafter the prisoner was arraigned upon the bill of indictment, and entered a plea of not guilty. The judgment was reversed. The court said: 'This proceeding cannot be sustained without a wide departure from established usage. We think it clear that the case must be put in condition for trial before the jury is sworn. Such is the settled course of procedure according to the most accurate writers upon criminal law. The idea of selecting and swearing a jury to try a case which, in its progressive steps, has not reached the stage when it is triable, is a perfect anomaly. The oath administered to the jury related to the present time, and cannot authorize them to try a case which is afterwards placed in condition for trial.' In *State v. Montgomery,* 63 Mo. 296, it was held that the failure to arraign a prisoner and enter his plea before the jury was sworn was a fatal omission, and that the entry of a plea afterwards was too late. It was there said that the arraignment and the plea must precede the swearing of the jury and the hearing of the evidence, 'For till they occur there is no issue to try.' We think it was error to deny the motion in arrest of judgment."

The court erred in overruling the motion for a new

trial and motion in arrest of judgment. Other errors were assigned on the record, but inasmuch as the failure to arraign plaintiffs in error, and to require that they enter a plea before proceeding with the trial, is of such a character as to require a reversal of the case, it is not necessary for us to discuss the other errors assigned.

The State's Attorney failed to file a brief in this case, and we would have been warranted in reversing the case pro forma, but on account of the character of the case we thought best to consider the case on its merits.

For the reasons above set forth, the judgment of the trial court will be reversed and the cause will be remanded.

*Judgment reversed and remanded.*