## The People of the State of Illinois, Defendant in Error, v. John Cicmanec, Plaintiff in Error.

## Gen. No. 28,622.

1. LIBEL AND SLANDER—*sufficiency of information charging criminal libel by publication in foreign language.* An information charging criminal libel which alleges that the defendant published or caused to be published the libelous matter is sufficient, though it appears the publication was in a foreign language, without an allegation that those who saw the publication understood its meaning.

2. CRIMINAL PROCEDURE—*inefficacy of jury waiver in prosecution before plea.* Until a defendant in a criminal prosecution has entered a plea there is no issue to be tried and a jury waiver could not be made and a judgment entered without a jury where the jury waiver was signed before plea must be reversed.

3. CRIMINAL PROCEDURE—*applicability of jury waiver made before quashal to charge in amended information.* Where a jury waiver was signed in a misdemeanor case and afterward the information was quashed the waiver could not apply to a charge made against defendant in an amended information.

4. TRIAL—*necessity for translation into English of testimony given in foreign language.* When witnesses testify in a foreign language the testimony must be translated into the English language.

Error by defendant to the Municipal Court of Chicago; the Hon. JOSEPH S. LABUY, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1923. Reversed and remanded. Opinion filed June 25, 1924.

ANTON ZEMAN, for plaintiff in error; THOMAS E. SWANSON and ELWYN E. LONG, of counsel.

ROBERT E. CROWE, State's Attorney, for defendant in error; EDWARD E. WILSON and CLYDE C. FISHER, Assistant State's Attorneys, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

On August 11, 1922, an information, by leave of

court, was filed charging the defendant with criminal libel. He was tried before the court without a jury, found guilty and sentenced to fifty days in the county jail.

From the record it appears that Jan Somora on the 11th of August, 1922, made complaint against the defendant, charging that, on the 16th of July, 1922, he printed a certain publication in the Slovak language with malicious intent to defame and impeach the honesty and reputation of Jan Somora. On the same day an order was entered by the Municipal Court giving leave to file the information. On August 14th the defendant was arrested, brought before the court, and thereupon signed a jury waiver. The court entered an order on that date wherein it was stated that the defendant was advised by the court as to his right to a trial by a jury; that the defendant elected to waive such right and executed his formal waiver in writing, and by agreement of the parties the matter was submitted to the court. The record then discloses that, by agreement, an order was entered continuing the trial to August 23rd and a further order entered on that date continuing the cause until August 29th. On August 29th the record discloses that an order was entered sustaining a motion to quash the information and on the same day another order was entered giving leave to file an amended information instanter which was accordingly done and the matter postponed until September 13, 1922. On that date a motion to quash the amended information was overruled and the case continued from time to time until October 27th when, the record discloses, that the defendant was duly arraigned and entered a plea of not guilty. The order then states that the cause was submitted to the court for trial without a jury and after hearing the evidence, the court found the defendant guilty as charged in the amended information and he was condemned to fifty days in the county jail.

1.  The defendant contends that the court erred in

overruling his motion to quash the amended information for the reason that it appeared that the defamatory words were published of and concerning Jan Somora in a foreign language, but that it was defective in that it failed to allege that those who saw the publication were acquainted with such foreign language. We think the contention is untenable. Where the information charges that the defendant published or caused to be published the libelous matter, even though it appears that the publication was in a foreign language, this is sufficient. The amended information in the instant cause sets up the charge in the foreign language and the English translation thereof. There was no necessity of averring that it was understood by the persons who obtained copies of the publication which were in pamphlet form. *Haase v. State,* 53 N. J. L. 34; *Kiene v. Ruff,* 1 Iowa 482; *Palmer v. Harris,* 60 Pa. 156.

In the *Haase* case, it was contended that there was error in refusing to quash an indictment charging the defendant with a libel. In passing on this question the court said (p. 36):

"The third reason assigned for quashing the indictment is that, although the alleged libel is stated to have been in the German language, there is no averment that the person to whom it was sent read or understood it, or had it translated to him, and hence no publication is charged. What is necessary to constitute criminal publication of a libel is a subject which has received considerable judicial discussion, notably in the case of *King v. Burdett,* 4 Barn. & Ald. 95; but it seems to be now generally conceded that, if the accused, with intent to scandalize, affords or causes to be afforded, to another an opportunity of learning the contents of the libelous instrument, he is guilty of a publication, although in fact the contents do not thereby become known. Whart. Cr. L., sec. 1618."

The court then considered a number of authorities and continuing said (p. 37):

"But, when the pleading contains an averment that

the defendant *published,* or caused to be *published,* the scandalous matter, then the fact that the libel is in a foreign language does not seem to require any special allegation that such language was understood by those to whom it came, for that is implied in the averment that it was published, this word being the proper and technical term to denote an illegal publication (Stark. lib. § 359); only in the proof need an ability to comprehend the foreign tongue be shown.''

In the *Kiene* case in discussing a similar question, the court said (p. 486):

''While it has been held, that if words are *spoken* in a foreign language, it will be good in arrest, that there is no averment that the hearers understood them (1 Starkie on Slander, 361); and that a nonsuit was properly granted where the words were charged in the English language, and it turned out on proof that they were spoken in German * * *; yet these were cases of verbal slander. There is a substantial difference in this respect, we apprehend, between such publishing of words, which must die with the breath that gives them utterance, in case they are not understood, and written slander, which lives, and continues to be susceptible of being understood, until the document containing it shall be destroyed.''

In considering this question the Supreme Court of Pennsylvania said in the *Palmer* case (p. 161):

''It is true that when a slander is uttered in a foreign tongue it is necessary, in an action for damage, to prove that the hearers understood the language; for it will not be presumed that, being ignorant of the meaning of the words, they afterwards repeated them to those who understood them (2 Starkie on Slander 52); but there is no such rule in an action for a libel in a foreign language for *litera scripta manet;* that may be read and explained by those who do to those who do not understand it.''

Under these authorities we think the ruling of the trial judge in overruling the motion to quash the amended information was in accordance with the law.

2. The defendant further contends that the record is fatally defective and the judgment must be reversed

because he was entitled to a trial by a jury and the record shows that the defendant did not legally waive his right to such trial. We think this contention must be sustained.

The record discloses that the information was filed August 11, 1922; that the defendant was taken into custody three days afterwards, August 14th; that he was brought before the court advised of his right to a trial by jury and executed a waiver of such right in writing. At that time the defendant had not entered any plea, and, therefore, there was no issue to be tried. Afterwards an amended information was filed and on October 27th the defendant was first arraigned and entered a plea of not guilty. It has been held that where one was convicted of a crime, the record failing to disclose that he had entered a plea, the judgment could not stand because there was no issue to be tried until the plea was entered. *The People v. Johnson,* 222 Ill. App. 248; *The People v. Hughes,* 226 Ill. App. 135; *The People v. Friedman et al.,* 223 Ill. App. 149; *The People v. Summers, etc.,* 227 Ill. App. 456. And until there was an issue, a jury waiver could not be made.

In the *Johnson* case, an information was filed charging the defendant with larceny. He executed a formal jury waiver in writing, was tried and found guilty. Upon conviction he made a motion for a new trial, which was continued to the following day and allowed and immediately thereafter he was arraigned, entered a plea of not guilty and the case tried before the court without a jury. It was held that the jury waiver was invalid on the retrial of the case and it was said that under the law of this state the right of trial by jury was jealously guarded.

The charge made against the defendant in the instant case was a misdemeanor. Sec. 178, chap. 38 Hurd's Statutes [Cahill's Ill. St. ch. 38, ¶ 399]. He could not, therefore, be legally tried under the charge made against him unless there was a formal waiver

of a trial by jury in writing. *Paulsen v. The People,* 195 Ill. 507. Holding as we do, that the defendant could legally waive his right to a jury trial only after he had entered a plea and, since no such waiver was executed by him, the proceedings and conviction were not warranted by law.

Moreover the judgment in this case would have to be reversed even if the jury waiver were properly executed and filed to the original information. Afterwards this information was quashed and an amended information was filed on motion of the people. The jury waiver could not apply to the charge made against the defendant in the amended information. Whatever force the waiver had was exhausted when the original information was quashed. Defendant having entered a plea of not guilty to the charge set up in the amended information, the court was without power to try that charge without the defendant waiving his right to a trial by jury by executing a formal written waiver to that effect and this not having been done, the judgment is void.

A further argument is made that the judgment must be reversed because the record discloses that some of the witnesses testified in a foreign tongue which the court and counsel apparently understood, but which was not translated into the English language. Of course under the law where witnesses testify in a foreign language, it must be translated into the English language but whether the record discloses that this was done on the trial, it is unnecessary for us to decide, since there must be a retrial of the case on account of the fact that there was no proper waiver of a trial by jury, and, therefore, the error, if any, in this respect may be then obviated.

The judgment of the Municipal Court of Chicago is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

THOMSON, J. and TAYLOR, J. concur.