PER CURIAM.
Jose Chacon appeals the order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 and his amended motion for postconviction relief which raised additional issues. Although the trial court found that Chacon did not provide any justification for his failure to include the additional grounds in his first motion, the trial court did not deny the amended motion as procedurally barred. Because the trial court did not deny the motion on this ground but rather addressed it on its merits, we do as well. See, e.g., McConn v. State, 708 So.2d 308 (Fla. 2d DCA 1998)(holding that a trial court may allow a timely amendment to a postconviction motion where no judicial labor has been expended).
In his amended motion Chacon alleges that his counsel was ineffective in erroneously advising him that he would receive a more lenient sentence if he agreed to a nonjury trial and that but for this advice he would have proceeded to trial by jury. Chacon’s allegations state a facially sufficient claim for relief under *570 rule 3.850. See, e.g., Davis v. State, 697 So.2d 957 (Fla. 2d DCA 1997) (holding that defendant’s claim that his counsel’s incorrect advice about the consequences of a plea bargain led him to enter a plea stated a facially sufficient claim for postconviction relief); Lara v. State, 528 So.2d 984 (Fla. 3d DCA 1988) (recognizing implicitly that defendant’s claim that his counsel was ineffective in advising him to waive trial, by jury was cognizable in a postconvietion motion but finding that in that case the advice was a legitimate strategic decision). Chacon makes the related claim that, as a result of this erroneous advice, his waiver of his right to a jury trial was not freely and knowingly given. This claim is also cognizable in a postconviction motion. See, e.g., Parker v. State, 636 So.2d 794 (Fla. 1st DCA 1994) (holding that the claim that a defendant’s waiver of her right to a jury trial was not freely and knowingly given should be raised in a postconviction motion). Therefore, we reverse on these issues. We affirm the trial court’s order in all other respects.
Affirmed in part; reversed in part; and remanded.
BLUE, A.C.J., and WHATLEY and GREEN, JJ., Concur.