PER CURIAM.
We find no error in appellant’s convictions on the three charges on which he waived a trial by jury. After he had waived a jury for those charges, however, a new charge was added and tried nonjury, without a waiver for the new charge. We can understand why the trial court neglected to obtain a waiver, as he was advised by defense counsel that adding the new charge at the last minute would be no problem; however, the waiver of a jury trial must be by the defendant and in writing. Fla.R.Crim.P. 3.260. State v. Upton, 658 So.2d 86 (Fla.1995). We therefore reverse for a new trial the conviction on the fourth count, alleging assault of Alex Cox with a firearm, but affirm the other convictions. We have not considered appellant’s challenges to the voluntariness of his waivers of jury trial on those charges, as they should be raised by rule 3.850. Chacon v. State, 735 So.2d 569, 570 (Fla. 2d DCA 1999).
DELL, STONE and KLEIN, JJ„ concur.