VILLANTI, Judge.
Sandy Yvette Norton, a/k/a Tequila Smith, challenges the summary denial of her postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Norton alleges four grounds for relief, three of which we affirm without comment. Because the trial court did not refute ground one of her motion, we reverse.
Norton waived her right to a jury trial and was convicted by the court of robbery. In ground one of her motion, Norton alleged that her counsel advised her to “let the judge sentence you, because if you go with a jury, the jury will hang you.” Norton further alleged that she would not have waived her right to a jury trial had counsel not given her that advice. This is a facially sufficient claim for postconviction relief. See Chacon v. State, 735 So.2d 569 (Fla. 2d DCA 1999).
In its order, the trial court failed to refute Norton’s claim. The trial court stated that “the Court, not the jury, was going to sentence the Defendant whether she decided to be tried by the jury or by the Court. When a postconviction motion is filed by a pro se prisoner, the trial court should not scrutinize it for technical niceties. See Andrews v. State, 160 So.2d 726 (Fla. 3d DCA 1964). Here, the trial court took Norton too literally and failed to address the actual claim she made. By focusing on her use of the word “sentence” instead of the underlying claim, the trial court failed to address Norton’s claim that she would not have waived her right to a jury trial had counsel not told her that the jury would “hang” her.
Because the trial court failed to refute Norton’s claims in ground one of her motion, we reverse and remand for the trial court to attach portions of the record that refute her claim or to hold an evidentiary hearing.
Reversed and remanded.
NORTHCUTT and CANADY, JJ., concur.