No. 2—09—0674
Opinion filed April 18, 2011

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Kane County. |
|---|---|---|
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 08—CM—6707 |
| | ) | |
| ROBERT HERNANDEZ, | ) | Honorable |
| | ) | Robert J. Morrow, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices Bowman and Birkett concurred in the judgment and opinion.

**OPINION**

The defendant, Robert Hernandez, appeals from his convictions on two counts of obstructing a peace officer (720 ILCS 5/31—1(a) (West 2008)). He asserts that he did not waive his right to a jury trial on those charges, although, before the State charged him with obstruction, he did execute a written jury waiver as to two counts of domestic battery (720 ILCS 5/12—3.1(a)(1), (a)(2) (West 2008)). We hold that the written jury waiver executed when he was facing only the domestic battery charges did not cover the later-added charges. We further hold that the defendant's silence as his bench trial commenced cannot be construed as a waiver by acquiescence of his right to a jury trial on the obstruction charges. We therefore vacate the defendant's convictions and remand the matter.

BACKGROUND

The record does not contain transcripts of any of the proceedings. However, the parties have filed an agreed statement of facts (as permitted under Illinois Supreme Court Rule 323(d) (eff. Dec. 13, 2005)) that describes in outline the significant events of the case. We draw on that statement for facts not contained in the common-law record.

On October 23, 2008, the State filed a complaint against the defendant, charging him with two counts of domestic battery. The victim in both counts was the defendant's housemate, Samantha Yeakel. On November 13, 2008, according to the agreed statement, the defendant waived his right to a jury trial by "reading and signing a written waiver in open court."

On February 11, 2009, the State filed a motion seeking leave to amend the complaint to include two counts of obstructing a peace officer. The first new count alleged that the defendant ran up the stairs of his house when officers came to arrest him; the second alleged that he held an infant so as to make it difficult for the officers to take him into custody. The record does not reflect any discussions in the defendant's presence regarding whether a bench trial should or would occur on the new charges.

On April 7, 2009, the trial court heard argument on the State's motion to amend. At that point, a different judge was presiding over the case than the judge before whom the defendant executed the written jury waiver on November 13, 2008. Defense counsel objected on the ground that it was too late to amend the complaint to include new offenses, because the new charges were subject to compulsory joinder. The trial court granted the motion and permitted the new charges to be added. The bench trial was held the same day. The State called as witnesses two police officers, who testified to the following events. The officers, who were in uniform, answered a call concerning

a domestic dispute at the residence shared by the defendant and Yeakel and entered it with Yeakel's permission. When they ordered the defendant to come downstairs he refused and ran into a bedroom. The officers pursued and found him "holding his infant child in his outstretched arms." The officers ordered him to put the infant down. The defendant complied after the third repetition of the order, and the officers took him into custody.

The court entered a directed finding in favor of the defendant on the two domestic battery counts, but found him guilty on the two obstruction counts. The defendant filed a posttrial motion in which he asserted, among other things, that the State's addition of the obstruction charges came too late under the compulsory joinder rules. However, he did not raise the issue of the lack of a jury waiver on the obstruction charges. After sentencing, and a timely postsentencing motion that the court granted in part, the defendant appealed.

On appeal, the defendant contends that the obstruction charges were outside the scope of the jury waiver and that his convictions for obstruction, which were obtained in a bench trial, are therefore reversible as plain error. The State argues that, because the November 13, 2008, jury waiver was not withdrawn, it applied to the later-filed charges. At oral argument before this court, the State also implied that the defendant demonstrated his consent to the bench trial on the obstruction charges by not objecting when it occurred. The State does not contest the defendant's assertion that proceeding with a bench trial when the defendant has not waived the right to a jury is reversible plain error.

ANALYSIS

"The right to a trial by jury is a fundamental right guaranteed by our federal and state constitutions." *People v. Bracey*, 213 Ill. 2d 265, 269 (2004). Under section 103—6 of the Code

of Criminal Procedure of 1963 (725 ILCS 5/103—6 (West 2008)), subject to exceptions not relevant here, "[e]very person accused of an offense shall have the right to a trial by jury unless *** [it is] understandingly waived by defendant in open court." The validity of a jury waiver turns on the particular facts and circumstances of the case. *Bracey*, 213 Ill. 2d at 269. Although the trial court is not required to provide a defendant with any particular admonishment or information regarding the constitutional right to a jury trial, it has a duty to ensure that any waiver of that right is made expressly and understandingly. *People v. Rincon,* 387 Ill. App. 3d 708, 717 (2008). Regardless of whether the defendant executed a written jury waiver, the record must show that the defendant understandingly relinquished the right to a jury trial. *Bracey*, 213 Ill. 2d at 270. Our supreme court has never recognized a waiver as valid " 'where the defendant was not present in open court when a jury waiver, written or otherwise, was at least discussed.' " *Id.* (quoting *People v. Scott*, 186 Ill. 2d 283, 285 (1999)).

The State first argues that the defendant's written jury waiver became effective when executed on November 13 and remained in effect from that point forward, thereby encompassing the obstruction charges added later. We disagree. "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States,* 397 U.S. 742, 748 (1970). Common sense says that a person must be at least generally aware of the charges he or she faces before he or she can knowingly and intelligently decide whether guilt for those charges should be determined by a jury or a judge. Here, the only charges facing the defendant on the date he signed the jury waiver were two counts of domestic battery. There is no suggestion in the record that, at the time of the waiver, the defendant was aware of, or intended his waiver to cover, any later-filed

charges. Accordingly, the November 13 written waiver cannot be construed as a waiver of the defendant's right to a jury trial on the later charges.

That the defendant might have sought to withdraw the November 13 waiver is irrelevant. No reasonable rule can require a defendant to withdraw a waiver he never made. The very concept of a waiver—"the voluntary relinquishment of a known right" (*People v. Phipps*, 238 Ill. 2d 54, 62 (2010))—implies that a defendant cannot give a waiver for a charge yet unknown to him or her. Thus, the written waiver of a jury trial on the charges of domestic battery did not apply to the charges of obstruction added almost five months later.

We note that decisions explicitly discussing the applicability of a jury waiver to later-filed charges are a rarity. Our own research has disclosed only a few out-of-state cases. In *People v. Walker*, 338 P.2d 536 (Cal. Ct. App. 1959), a seminal California case, the court held that a jury waiver given for one offense did not apply after the State amended the charging instrument to charge a more serious offense. The court found that the record failed to show a clear intent by the defendant to waive the right to a jury trial on the more serious charge. *Id.* at 540; see also *Le Louis v. Superior Court,* 257 Cal. Rptr. 458, 467-68 (Cal. Ct. App. 1989) ("Generally speaking, if the prosecutor amends a complaint, indictment, or information to charge a new offense *** this renders a prior jury trial waiver ineffective."); *cf.* State v. Hafford, 746 A.2d 150, 168 (Conn. 2000) (defendant's earlier jury waiver was valid despite addition of new charges, because after the new charges were added the trial court properly recanvassed defendant as to his wish for a jury trial or a bench trial).

We think it unlikely that the dearth of case law directly discussing the issue is a result of the rarity of the situation. Rather, it appears that, consistent with the principles discussed above, courts simply find it axiomatic that a waiver can apply only to existing charges. For instance, in *Elmore*

*v. State*, 782 So. 2d 1016, 1017 (Fla. Dist. Ct. App. 2001) (*per curiam*), a Florida appellate court held, with little analysis, that a waiver for three original charges did not cover a fourth charge added "at the last minute." An Illinois case taking this same approach—presuming, without discussion, that an earlier jury waiver does not apply to later-filed charges—is *People v. Frey*, 103 Ill. 2d 327 (1984).

In *Frey*, the defendant was initially indicted on two counts of reckless homicide. After multiple continuances, he, through a written order drafted by defense counsel, waived his right to a jury. About three months later, the State charged the defendant with driving under the influence (DUI). The parties then agreed that "the reckless-homicide counts would be tried before the driving-under-the-influence count." *Id.* at 330. After the agreement was made, the defendant "was present on occasions when the matter of a bench trial was discussed, and at some point was advised of his right to trial by a jury or by the court." *Id.* On the day of the first trial, the court announced that all three matters were set for bench trial. *Id.* at 330-31. The reckless homicide trial resulted in the defendant's acquittal on those charges. The trial on the DUI charge took place the next day and resulted in the defendant's conviction. *Id.* at 331.

The defendant appealed, asserting that he had not waived a jury for the DUI charge. The supreme court disagreed, because the record showed that the defendant, an educated and sophisticated man, had acquiesced to a bench trial on that charge by remaining silent when the bench trial was discussed. Significantly, however, the court's analysis is devoid of any suggestion that the defendant's express waiver of a jury for the reckless homicide charges could be applied to the DUI charge. Rather, the court appears to have implicitly assumed that the waiver of a jury trial on the earlier charges was inapplicable to the later-filed charge.

Having rejected the State's contention that the November 13 written jury waiver covered the obstruction charges filed five months later, we turn to the State's second argument: that the defendant waived a jury trial on the obstruction charges by not objecting at the commencement of the bench trial on all of the charges. As the court in *Frey* makes clear, a defendant may sufficiently express his or her intent to waive the right to a jury by acquiescence to a bench trial. We therefore consider whether the defendant's behavior here was an adequate expression of such intent. We conclude that it was not.

On this point, the facts and holding of *Bracey* provide a useful contrast to those in *Frey*. In *Bracey*, the defendant made a written waiver of his right to a jury on an aggravated battery charge and the trial court found him guilty, but the appellate court vacated the judgment and remanded for a new trial. *Bracey*, 213 Ill. 2d at 267-68. On remand, the trial court "assumed that retrial would also be a bench trial" and discussed the preparations for the retrial in those terms. A new bench trial was held before a new judge, resulting in a conviction. *Id.* at 272. The supreme court held that the jury waiver for the first trial did not apply to the second. *Id.* at 271-72. It further held that "given the fact that, prior to defendant's second trial, defense counsel made no statements in defendant's presence indicating that defendant was electing, once again, to give up his right to trial by jury, defendant's silent acquiescence to a second bench trial is insufficient to support a finding that he knowingly and voluntarily relinquished his fundamental right to trial by jury." *Id.* at 273. The supreme court therefore vacated the conviction.

Although in this case the written jury waiver was inapplicable for a different reason than in *Bracey*, the facts are otherwise very similar. In both cases, a jury waiver was inapplicable to charges that the court was trying, but the courtroom discussions reflect that the parties and the trial court all

assumed that the waiver covered the relevant charges. Accordingly, there was no acknowledgment that the defendant retained the right to a jury trial on the relevant charges, and there were "no statements in the defendant's presence indicating that the defendant was electing" (that is, consciously choosing) to forgo that right.

By contrast, in *Frey*, the supreme court found:

"It *** appears from the record that defendant was aware of his right to a jury trial and was present at some point prior to trial when the jury waiver was discussed. Too, we are not dealing with an unsophisticated, uneducated or simple-minded defendant to whom those discussions might be unclear, for the trial court described defendant as a real estate syndicator and developer, and a man of intelligence, experience and considerable education. The choice of a bench trial in a case where the emotional factors favor the prosecution is a natural and logical strategy. When these facts are considered with defendant's silent acquiescence in the judge's statement in his presence on the day of trial that all counts were set for bench trial, we can only conclude that the jury waiver was made with defendant's knowledge and consent." *Frey*, 103 Ill. 2d at 333.

In *Frey*, the defendant was advised of his right to a jury trial, and proceeding via a bench trial was discussed in the defendant's presence on more than one occasion after the DUI charge was added and before the trial started. Thus, it could be inferred that the defendant had sufficient opportunity to both consider whether he wished to proceed without a jury on the newly added charge and make his wishes known. Here, however, the commencement of the bench trial on all charges occurred on the heels of the trial court's ruling that the State could amend the complaint to add the obstruction charges. Also in contrast to *Frey*, the record in this case does not indicate that the

defendant here is a person of established sophistication, and the new charges here, unlike those in *Frey*, did not clearly call for the same strategy as the original charges. Considering the facts of *Bracey* and *Frey* in their entireties, we conclude that *Bracey* is much more closely on point, and, indeed, is controlling here, requiring us to conclude that, when the trial court proceeded to a bench trial immediately after permitting the State to add the new charges, the defendant's silence did not amount to a waiver by acquiescence of his right to a jury trial. In reaching this conclusion, we are mindful of the supreme court's statement in *Bracey* that it has never recognized a waiver as valid " 'where the defendant was not present in open court when a jury waiver, written or otherwise, was at least discussed.' " *Bracey*, 213 Ill. 2d at 270 (quoting *Scott,* 186 Ill. 2d at 285). Here, there is no indication in the record that a jury waiver on the obstruction charges was ever discussed in the defendant's presence.

As we noted above, the determination of whether a particular defendant waived his or her right to a jury trial must be determined on a case-by-case basis in light of the facts of each case. *Id.* at 269. The record in this case is sparse. There are no transcripts of the proceedings on any of the relevant dates. In lieu of such transcripts, the parties filed an agreed statement of facts. The statement, which is quite succinct, does not purport to be a full record of every courtroom interchange. Because of the sparseness of the record, we asked the parties to discuss, during the oral argument of the appeal, the application of *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984), in which the supreme court held that a reviewing court must resolve any doubt arising from the incompleteness of a record against the appellant. As it did in *People v. Majka*, 365 Ill. App. 3d 362 (2006), in which the appellant filed a bystander's report, the State here argued that, because the record is so limited, we should presume that the trial court acted properly, *i.e.,* that the defendant

validly waived his right to a jury trial on the obstruction charges prior to the start of the bench trial. We rejected that argument in *Majka*, and we reject it here. The procedure for generating an agreed statement of facts (such as was filed here), like the procedure for generating a bystander's report, requires the participation of both parties, and therefore "both parties bear responsibility for the report's accuracy." *Id.* at 368. Accordingly, we must presume that an agreed statement of facts, like a bystander's report, "is materially complete on the points it addresses." *Id.* If an appellee concludes that material facts are absent from the agreed statement, it has the ability and the responsibility to see that they are added.

Here, the statement addresses, albeit briefly, the defendant's execution of the written jury waiver and the events on the trial date. We therefore presume that the descriptions of what occurred on those days is materially complete for our purposes. We further must presume that the defendant did not waive a jury during some proceeding of which we have no record. This is the clear implication of *People v. Smith*, 106 Ill. 2d 327, 335 (1985). That case held that, although a defendant claiming that he did not waive his right to a jury had the duty to supply an adequate record of the proceeding during which the common-law record implied that the waiver took place, "[i]f the State believes that the jury waiver was made on an occasion other than that suggested in the record, then the record may be supplemented, at the State's request, with the corresponding report." *Id.* Based on the holdings in *Majka* and *Smith*, we must presume that we have a proper record of any facts material to deciding whether the defendant waived his right to a jury on the obstruction charges.

The defendant asserts, and the State does not dispute, that a conviction by bench trial without a proper jury waiver is reversible plain error. We agree. See, *e.g.*, *Bracey*, 213 Ill. 2d at 270 (holding that the right to a jury is fundamental and that deprivation of that right in the absence of a

proper waiver is reversible plain error). As the defendant did not waive his right to a jury trial on the obstruction charges, we must vacate his convictions on those charges.

### III. CONCLUSION

For the reasons stated, we vacate the defendant's obstruction convictions and remand the matter for further proceedings.

Vacated and remanded.