2019 IL App (2d) 170018-U
No. 2-17-0018
Order filed October 22, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Kane County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 16-CF-372 |
| | ) | |
| SERGIO DELALUZ, | ) | Honorable |
| | ) | David P. Kliment, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Hutchinson and Burke concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's jury waiver was valid, as he understood that his case would be decided by a judge and not a jury, even though he entered his waiver before he entered a plea and even though he did not know the possible penalties for his then-extant charges.

¶ 2    Defendant, Sergio Delaluz, appeals from his conviction of aggravated driving under the influence (ADUI), fourth violation (625 ILCS 5/11-501(a)(2), (d)(2)(C) (West 2016)). He asserts that his jury waiver, because he agreed to it before he entered a plea to the relevant charges, was invalid as a matter of law. He also asserts that, as a matter of plain error, the record

is insufficient to show that he expressly and understandingly waived his right to a jury trial. We disagree on both points, and we therefore affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Defendant was charged with three offenses in a March 9, 2016, information. The first was ADUI, third violation. The information cited only section 11-501(a) of the Illinois Vehicle Code (Code) (625 ILCS 5/11-501(a) (West 2016)). Section 11-501(d)(2)(B) of the Code (625 ILCS 5/11-501(d)(2)(B) (West 2016)) provides that a third violation of section 11-501(a) is a Class 2 felony; the offense is subject to an enhanced sentence only if the defendant's alcohol concentration was 0.16 or higher. The second charge was ADUI, driving with a suspended or revoked license (625 ILCS 5/11-501(b)(1)(G) (West 2016)). The third was obstructing identification (720 ILCS 5/31-4.5(a) (West 2016)), furnishing a false name.

¶ 5      The record on appeal does not contain verbatim transcripts of all hearings. In particular, no transcripts are available for hearings held before March 23, 2016. Among those hearings was a March 9, 2016, hearing and a March 11, 2016, hearing. The orders generated at both hearings all have check boxes checked, "Rights, penalties, and trial in absentia have been explained to the defendant."

¶ 6      On March 31, 2016, with defendant in custody, defendant filed a demand for a speedy trial.

¶ 7      On June 23, 2016, the court heard and rejected defendant's motion for bond reduction. The State mentioned, among other things, that it had concluded that the ADUI offense was actually a fourth violation and that the offense thus was nonprobationable. See 625 ILCS 5/11-501(d)(2)(C) (West 2016). Defendant was present and assisted by an interpreter.

¶ 8    On July 27, 2016, the State filed an indictment of defendant on two counts—the State later represented that the grand jury had in fact entered the indictment the day before. The first count was ADUI, fourth violation. The second count was obstructing identification, furnishing a false name.

¶ 9    Also on July 27, 2016, defense counsel told the court that defendant had agreed to waive the right to a jury trial and wanted to set a date for a bench trial. Counsel mentioned that she had "just got" a copy of the new indictment. She represented that the waiver had been explained to him in Spanish and that he had signed it. The court spoke to defendant about the waiver, asking him if he understood what a jury trial was. Defendant responded that he did not really understand:

> "THE COURT: All right. [Defendant], I have been given a document entitled waiver of trial by jury. Did you sign this document? Look at it.
>
> THE DEFENDANT: Yes.
>
> THE COURT: Did you sign this?
>
> THE DEFENDANT: Yes.
>
> THE COURT: All right. Do you understand that you have the right to have a trial before a jury of twelve people that you and your lawyer would help to pick, and the State would have the burden of proving your guilt to those twelve people beyond a reasonable doubt before you could be found guilty of an offense? Do you understand what a jury trial is?
>
> THE DEFENDANT: Not really.
>
> THE COURT: All right. I'll pass the case. You go talk to him."

When the court recalled the case, defendant said that he understood the waiver:

"[THE COURT:] ***

We were going over the jury trial waiver. I'll ask you again, [defendant]. Did you sign this jury trial waiver?

THE DEFENDANT: Yes.

THE COURT: Did you go over it with your attorney in Spanish with the help of the interpreter before you signed it?

THE DEFENDANT: Yes.

THE COURT: Do you understand that when you sign this, you're giving up your right to have twelve people decide whether or not you are guilty or not guilty of the offenses charged in this case? Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Has anyone threatened you or forced you or coerced you in any way to make you give up your right to have a jury trial?

THE DEFENDANT: No.

THE COURT: Do you understand that when you give up your right to have a jury trial, your case is going to be heard by one judge sitting alone, and the State still has the burden of proving your guilt beyond a reasonable doubt to that judge, but they only have to convince one person instead of twelve? Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Knowing that, is it still your wish to give up or waive your right to have a jury trial in this case?

THE DEFENDANT: Yes."

The court accepted the waiver and set a date for the arraignment.

¶ 10    At the August 17, 2016, arraignment, the court advised defendant of the charges and penalties.  Defendant expressed confusion:

"THE COURT: [Defendant], in count one of the indictment, you are charged with aggravated driving under the influence of alcohol, which is charged as a Class 2 felony.

[A] Class 2 felony is punishable by between three and seven years in the Illinois Department of Corrections.  It would be 7 to 14 years, *** if you were eligible for extended-term sentencing.  You could be fined up to $25,000.

Any sentence to the department of corrections would be followed by [a] two-year period of mandatory supervised release.

The Class 4 charge [*sic*] is not probationable, is that correct?

[THE STATE]: That is correct.

THE COURT: So, [defendant], you could not receive a sentence of probation in this case.  You would have to be sentenced between three and seven years in the department of corrections or 7 to 14 years, if extended-term sentencing would apply.

Do you understand the charge against you and the possible penalties?

THE DEFENDANT: No.  To tell you the truth—

THE COURT: What don't you understand?

THE DEFENDANT: Everything, Your Honor.  I don't know the time I am going to spend in jail, Your Honor.

THE COURT: I just told you what the possible penalties are.  I didn't tell you how much time you are going to spend in jail.  At this point, you are presumed to be innocent.

You are charged in count two with obstructing identification which is a Class A misdemeanor. The possible penalty is up to a year in jail and fine of up to $2,500.

So, do you understand the charges against you and what the possible penalties are?

THE DEFENDANT: I am trying, Your Honor."

Defendant entered a not-guilty plea to both charges.

¶ 11    At the close of the bench trial, the court found defendant guilty of ADUI, fourth violation, but not guilty of obstructing identification.

¶ 12    Defendant moved for a new trial, asserting that the evidence was insufficient to support the conviction and that the court improperly admitted evidence of field sobriety testing. The court denied the motion and sentenced defendant to 36 months' imprisonment. Defendant timely appealed.

¶ 13                                    II. ANALYSIS

¶ 14    On appeal, defendant asserts that his "jury waiver was not valid because he waived his right to a jury trial before being arraigned on the indictment and before entering a plea to the charges." He concedes that he forfeited ordinary review of this claim by failing to raise the issue below but asks that we consider the claim as second-prong plain error, that is, error that was "so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

¶ 15    Defendant, citing *People v. Cicmanec*, 233 Ill. App. 331, 335 (1924), asserts that a jury waiver entered before a defendant is arraigned on the relevant charges is invalid as a matter of law. He urges us to hold with *Cicmanec* that, until a defendant has entered a plea, there is no

issue to be tried, thus making a jury waiver invalid. He further argues that, "because [he] waived his right to a jury trial before he was informed about the charges against him, the record raises questions about whether he was aware of the relevant circumstances and consequences of his waiver." He thus contends that the record fails to show that he was sufficiently aware of the nature of the charges to be able to intelligently agree to a jury waiver.

¶ 16    The State responds first that *Cicmanec* is an isolated precedent, unsupported by other Illinois authority, and that we should decline to follow it. It argues that the fact that a defendant executed a jury waiver before entering a plea does not change whether the waiver was knowing and intelligent. It further contends that the waiver here was knowing and intelligent.

¶ 17    Generally, to preserve an issue for a review, it is necessary that a defendant raise the issue in a posttrial motion (*People v. Enoch*, 122 Ill. 2d 176, 185-86 (1988))—among other things, this means that the trial court has had at least one chance to rule on the issue. The plain-error doctrine serves as " 'a narrow and limited exception' " to that general forfeiture rule. *People v. Szabo*, 113 Ill. 2d 83, 94 (1986) (quoting *People v. Pastorino*, 91 Ill. 2d 178, 188 (1982)). Illinois's standards for plain-error review are set out in *People v. Herron*, 215 Ill. 2d 167, 186-87 (2005), and clarified in *Piatkowski*. The *Piatkowski* court explained:

"We *** reiterate that the plain-error doctrine allows a reviewing court to consider unpreserved error when (1) a *clear or obvious error* occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error [(first-prong plain error)], or (2) a *clear or obvious error* occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the

closeness of the evidence [(second-prong plain error)]." (Emphases added.) *Piatkowski*, 225 Ill. 2d at 565.

To find plain error, we first must find reversible error. See *People v. Naylor*, 229 Ill. 2d 584, 602 (2008) ("Absent reversible error, there can be no plain error."). Moreover, that reversible error must be clear or obvious. See *People v. Burton*, 2012 IL App (2d) 110769, ¶ 15 (we must determine whether the error is such that it would require reversal of the defendant's convictions before we reach the issue of whether the evidence was closely balanced). Only upon finding clear or obvious reversible error do we apply the two-prong plain-error analysis as such. See *Burton*, 2012 IL App (2d) 110769, ¶ 15.

¶ 18    Initially, we decline to follow *Cicmanec* in holding invalid any jury waiver a defendant enters before entering a plea. The question of whether the court has followed proper procedure is one of law; our review on that point is thus *de novo*. See, *e.g.*, *People v. Radojcic*, 2012 IL App (1st) 102698, ¶ 12 (an issue of proper procedure is a legal issue subject to *de novo* review). Initially, we note that *Cicmanec*, as an Illinois Appellate Court opinion issued before 1935, is persuasive authority only. See *Reichert v. Court of Claims*, 203 Ill. 2d 257, 262 n.1 (2003); *Chicago Title & Trust Co. v. Vance*, 175 Ill. App. 3d 600, 606 (1988) ("appellate decisions were not of binding authority until the Courts Act was amended in 1935"). Moreover, the reasoning in *Cicmanec* is not persuasive under modern constitutional principles. The *Cicmanec* court held that where the defendant had not "entered any plea *** there was no issue to be tried" and that, absent such an issue, a jury waiver would necessarily be invalid. *Cicmanec*, 233 Ill. App. at 335. To the extent that we follow the *Cicmanec* court's reasoning, we would rephrase its holding in modern terms to say that, before a defendant has entered a plea, no justiciable matter is before the court.

¶ 19 The reasoning in *Cicmanec* is outdated. On January 1, 1964, an amendment to the judiciary article of Illinois's constitution took effect, replacing the circuit courts' then-limited jurisdiction with "unlimited original jurisdiction of all justiciable matters." Ill. Const. 1870, art. VI (amended 1964), § 9; accord Ill. Const. 1970, art. VI, § 9 ("Circuit Courts shall have original jurisdiction of all justiciable matters except when the Supreme Court has original and exclusive jurisdiction"); see also *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 529-30 (2001) (discussing the effects of the change). In a civil case, there must be an initial pleading raising a justiciable matter to invoke the court's subject-matter jurisdiction. See *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002) ("in order to invoke the subject matter jurisdiction of the circuit court, a plaintiff's case, as framed by the complaint or petition, must present a justiciable matter"). Our supreme court has suggested that less is required in a criminal proceeding; in *People v. Gilmore*, 63 Ill. 2d 23, 26 (1976), it held that circuit court jurisdiction is conferred by article VI, section 9, of Illinois's constitution, *not* by the information or indictment. Under either rule, however, an indictment is certainly sufficient to place a justiciable matter before the court. We therefore can see no reason for the existence of a *per se* barrier to an indicted defendant waiving a jury trial before he or she has entered a plea. We thus decline to apply the holding in *Cicmanec*.

¶ 20 Defendant next argues that, "because [he] waived his right to a jury trial before he was informed about the charges against him, the record raises questions about whether he was aware of the relevant circumstances and consequences of his waiver," so that the record is insufficient to support the waiver. We do not agree. The trial court has a duty to ensure that a defendant makes his or her waiver of the right to a jury trial "expressly and understandingly." *People v. Bannister*, 232 Ill. 2d 52, 66 (2008). No "specific admonition or advice" from the court is

necessary for an effective jury waiver, and no precise formula exists for determining the validity of a waiver; instead, the validity "depends on the facts and circumstances of each particular case." *Bannister*, 232 Ill. 2d at 66. Where the facts of the case are not in dispute, the validity of a jury waiver is a question of law and so subject to *de novo* review. *Bannister*, 232 Ill. 2d at 66.

¶ 21 "When a defendant waives the right to a jury trial, the pivotal knowledge that the defendant must understand—with its attendant consequences—is that the facts of the case will be determined by a judge and not a jury." *Bannister*, 232 Ill. 2d at 69. In *Bannister*, the defendant argued that his jury waiver was invalid when the trial court had misadvised him of potential sentences for the offenses with which he was charged; he contended that his waiver could not have been knowing and intelligent when he was not aware of the consequences of a conviction. *Bannister*, 232 Ill. 2d at 67-68. The *Bannister* court rejected that argument, on the basis that the defendant did not explain "how the completeness or correctness of the sentencing information related by the trial court would have caused him to make a different jury waiver decision." *Bannister*, 232 Ill. 2d at 68. "Regardless of who serves as the trier of fact, the defendant's possible sentences would be the same." *Bannister*, 232 Ill. 2d at 69.

¶ 22 The holding in *Bannister* is closely on point here. The record indicates that defendant was twice informed of "[r]ights, penalties, and trial in absentia" before the indictment replaced the information. Defendant waived his right to a jury trial just after a grand jury indicted him on a count of a nonprobationable offense, ADUI, fourth violation. He was not advised on the record of the penalties associated with that offense before he agreed to the jury waiver. However, when defendant stated that he did not understand his rights, the trial court both required defense counsel to take time with defendant to explain the right to a jury and then it readvised him of that right in detail. Thus, although it is possible that defendant did not know the possible penalties

for ADUI, fourth violation, the record is clear that he understood that he was agreeing that a judge, and not a jury, would decide his guilt or innocence. Moreover, penalties aside, the new charges changed little. We see no possible reason for defendant to want a jury simply because the State dropped the charge of ADUI, driving with a suspended or revoked license. We thus see no gap in the information available to defendant that would have prevented him from intelligently waiving his right to a jury. As we see no reversible error, we hold that no plain error occurred.

¶ 23    Defendant suggests that our holding in *People v. Hernandez*, 409 Ill. App. 3d 294 (2011), mandates reversal here. We do not agree. In *Hernandez*, we held as a matter of common sense that a defendant could not waive the right to a jury trial for offenses with which he had not yet been charged; the defendant's waiver of a jury for two counts of domestic battery did not apply to two counts of obstructing a peace officer added five months later. *Hernandez*, 409 Ill. App. 3d at 295, 297. When the defendant waived his right to a jury, there was "no suggestion in the record that *** defendant was aware of, or intended his waiver to cover, any later-filed charges," and thus the earlier waiver could not be construed as applying to those charges. *Hernandez*, 409 Ill. App. 3d at 297. In other words, it was impossible for the defendant's waiver to be express and understanding as to distinct and different charges of which he could not have known. Here, by contrast, defendant *did* know about the new charges, so it was *not* impossible for defendant to make his waiver expressly and understandingly; indeed, we explained above why the waiver met those standards.

¶ 24                                III. CONCLUSION

¶ 25    For the reasons stated, we affirm defendant's conviction.

¶ 26    Affirmed.